872 So.2d 758 (2004)
Sam WAITES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-CP-00392-COA.
Court of Appeals of Mississippi.
May 11, 2004.
Sam Waites, Appellant, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before SOUTHWICK, P.J., IRVING and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Sam Waites was indicted and pled guilty to charges of sale of cocaine and conspiracy to transfer cocaine. Waites was sentenced to serve a term of ten years with the Mississippi Department of Corrections on each charge, with the sentences to run concurrently. The circuit court denied Waites' petition for post-conviction relief, and Waites now perfects his appeal. Finding no error, we affirm.

FACTS
¶ 2. On or around October 9, 2000, Waites was arrested and charged with sale of cocaine. On August 16, 2001, Waites was indicted by the grand jury on two counts, sale of cocaine and conspiracy to transfer cocaine. On January 18, 2002, with the assistance of counsel, Waites voluntarily entered a plea of guilty to both charges.
¶ 3. After accepting his guilty plea, the circuit judge sentenced Waites to ten years on each charge, with the sentences to run concurrently. Waites filed a petition for post-conviction relief that asserted: (1) a specific amount of cocaine was not stated in either indictment, (2) ineffective assistance of counsel for not discovering or objecting to the fact that a specific amount of cocaine was not stated in the indictments, (3) neither his attorney nor the court informed him that a specific quantity was an essential element of the crimes, and (4) the indictments do not fully inform *759 him of the nature and cause of the accusations against him.

STANDARD OF REVIEW
¶ 4. "When reviewing a lower court's decision to deny a petition for post conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." Brown v. State, 731 So.2d 595, 598 (Miss. 1999). "However, where questions of law are raised the applicable standard of review is de novo." Id.

ANALYSIS
¶ 5. It is a well-settled principle of law that a valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant. Reeder v. State, 783 So.2d 711, 720 (Miss.2001) (citing Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990)). Therefore, by pleading guilty, Waites waived his right to appeal based upon the indictment. Notwithstanding this waiver, we address the issues raised by Waites.
¶ 6. Waites first asserts that his indictment was faulty for not stating an exact amount of cocaine. Miss.Code Ann. § 41-29-139(a)(1) (Rev.2001) defines the crime for which Waites was convicted:
Except as authorized by this article, it is unlawful for any person knowingly or intentionally: (1) to sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance.
There was no requirement that a specific amount of a controlled substance be found in order for a person to be convicted under this section.
¶ 7. Waites was sentenced under Miss. Code Ann. § 41-29-139(b) (Rev.2001), which provides the sentencing standards for a conviction under subsection (a) for crimes involving cocaine. This section also contains sentencing standards for crimes involving marihuana. This is the point of Waites' confusion. For crimes involving marihuana, sentencing may vary depending upon the amount of the controlled substance involved. However, such limitations do not apply to crimes involving cocaine. Waites was convicted of the transfer of cocaine, not marihuana. Thus, since there is no statute that requires a specific amount of cocaine be included in the indictment, Waites' claim that his indictment was faulty is without merit.
¶ 8. Waites next asserts that he was denied the effective assistance of counsel. To prevail on this claim, Waites must demonstrate that his counsel's performance was deficient and that this deficiency prejudiced him in such a way that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The counsel's deficiency is assessed by looking at the totality of the circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). We, as an appellate court, apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Burns v. State, 813 So.2d 668, 673(¶ 14) (Miss.2001).
¶ 9. Waites claims that his counsel was ineffective because he failed to discover that the indictment was faulty for not stating an amount of the controlled substance. Waites also contends that his counsel was ineffective for failing to object to the faulty indictment, prejudicing Waites in sentencing. Waites' claims are moot because, as discussed above, the indictment was not *760 defective. Before accepting Waites' guilty plea, the judge specifically asked Waites if he was satisfied with his counsel. Waites responded in the affirmative. Moreover, the signed guilty plea petition indicates that Waites was informed of the possible sentence he could receive and that Waites stated he was satisfied with the representation of his counsel. Therefore, we find this issue to be without merit.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.