910 So.2d 1160 (2005)
Brad RUFF, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00773-COA.
Court of Appeals of Mississippi.
March 29, 2005.
*1161 Brad Ruff, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., IRVING and BARNES, JJ.
KING, C.J., for the Court.
¶ 1. Brad Ruff has appealed the denial of his motion for post-conviction relief by the Lee County Circuit Court. Ruff alleged that (1) he was denied the effective assistance of counsel when he entered a plea of guilty to the sale of a controlled substance, and (2) that his sentence was illegal. The court found that Ruff's sentence was not illegal and that he was not denied effective assistance of counsel when he pled guilty to sale of a controlled substance (cocaine).
¶ 2. Ruff entered a guilty plea and was initially sentenced to twenty years with the sentence suspended for five years conditioned on good behavior and on following the rules as set forth in the sentencing order. When Ruff failed to follow the rules of his suspended sentence, he was ordered to serve eight years in the R.I.D. program with the remaining twelve years suspended and five years on supervised probation.
¶ 3. Aggrieved by that action, Ruff has filed this appeal. Again on appeal, Ruff argues that his sentence was illegal and that he received ineffective assistance of counsel. He also argues that his due process rights were violated in the revocation of his probation and in reimposing the suspended sentence. These issues were not raised in the circuit court, and are therefore procedurally barred.
¶ 4. We affirm the judgment of the circuit court denying the motion for post-conviction relief.

FACTS
¶ 5. On September 1, 1999, Ruff pled guilty in Lee County Circuit Court to a charge of sale of controlled substance within 1,500 feet of Hancock Park in Tupelo, Mississippi. He was sentenced to twenty years, given credit for the time served, the balance of the sentence was suspended to be followed by a five year period of supervised post-release supervision. When Ruff failed to pay the fees associated with his supervised release, his twenty year suspended sentence was revoked by order dated June 4, 2001, and he was ordered to be placed in the R.I.D. (Regimented Inmate Discipline) program to serve an eight year sentence in the custody of the Mississippi Department of Corrections to be followed by a five year period of post-release supervision. The remaining twelve years of his sentence were suspended.
¶ 6. Ruff contends that his sentence was illegal. He asserts that under Mississippi Code Annotated § 47-7-33 (Rev.2004) a prior convicted felon may not be given a suspended sentence. He also asserts that his trial counsel provided ineffective assistance of counsel in allowing Ruff to plead guilty and receive an illegal sentence.

DISCUSSION
¶ 7. "When reviewing a lower court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo." Pickett v. State, 751 So.2d 1031 (¶ 8) (Miss.1999); Brown v. State, 731 So.2d 595 (¶ 6) (Miss.1999); Pace v. State, 770 So.2d 1052, 1053 (¶ 4) (Miss.Ct.App.2000).

I. ILLEGAL SENTENCE
¶ 8. The circuit court found that under Mississippi Code Annotated § 47-7-34 (Rev.2004) a convicted felon may be *1162 given a suspended sentence followed by a period of post-release supervision, citing Gaston v. State, 817 So.2d 613, 619 (¶ 20)(Miss.2002). In that case, the court distinguished between the power of the court to suspend a sentence and place the defendant on probation under § 47-7-33 and the power of the court to order a period of post-release supervision where probation would be prohibited. The circuit court found that Ruff did not receive an illegal sentence. This finding is somewhat problematic in that, under Gaston, the court sanctioned the giving of post-release supervision instead of probation but not of giving a suspended sentence. The prohibitions of Mississippi Code Annotated § 47-7-33 would still apply, if Ruff was, indeed, a prior convicted felon.
¶ 9. In his original sentence and his sentence after violation of the terms of his release, Ruff received a favorable sentence, much less than the court could have given. At his plea hearing, Ruff was told that the maximum penalty the court could impose was sixty years and a two million dollar fine. The argument made by Ruff has been made before, where the petitioner has been treated much better by the court than he was entitled. This Court has held that a defendant may not stand mute when he is given an illegal sentence which is more favorable than what the legal sentence would have been and later claim that he has been prejudice as a result. Graves v. State, 822 So.2d 1089 (¶ 8) (Miss.Ct.App.2002); McGleachie v. State, 800 So.2d 561 (¶ 4) (Miss.Ct.App.2001).
¶ 10. Although Ruff claims that he is a prior convicted felon, this information does not appear in the indictment or in the record. It appears that Ruff also pled guilty to an armed robbery charge at the time of his initial sentencing and received a suspended concurrent sentence, but there is no indication that he had a conviction prior to that or that the court was aware of a prior conviction at the time of his sentencing. Mississippi Code Annotated § 47-7-33 applies only "where the defendant has been convicted of a felony on a previous occasion . . . ." We cannot find that this section would apply to Ruff or that he can now claim to have been prejudiced by the sentence imposed.
¶ 11. We agree with the circuit court that Ruff may not complain of his sentencing.

II. INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 12. In order to establish ineffective assistance of counsel, Ruff must pass the two-prong test of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) as adopted in Mississippi in Stringer v. State, 454 So.2d 468, 476 (Miss.1984). Ruff must affirmatively prove that both his counsel was deficient and that as a result of that deficiency he was prejudiced.
¶ 13. Ruff's argument that his attorney should have objected to his illegal sentence has already been answered by this Court's resolution of the first issue, in that the Court found that Ruff did not receive an illegal sentence. In fact, the sentence received by Ruff, was very favorable considering the sentencing options available to the circuit court. In each instance, both at the time of the original sentence and after the revocation hearing, either all or the majority of Ruff's sentence was suspended. Ruff has failed to prove either prong of the Strickland test.

III. OTHER ISSUES
¶ 14. In his brief, Ruff also raises that his constitutional right to be present at any hearing in which a sentence was imposed was violated. This issue was not raised in his motion for post-conviction relief and is procedurally barred. Black v. *1163 State, 806 So.2d 1162 (¶ 3) (Miss.Ct.App. 2002). This issue is also without merit in that the record transcript of both the plea hearing and the revocation hearing clearly show that Ruff was present at the time the judge announced sentencing.
¶ 15. Although not raised by the circuit court in its opinion denying post-conviction relief, the State argues that the three-year statute of limitation of Mississippi Code Annotated § 99-39-5(2) (Rev.2000) could also be invoked as a procedural bar to Ruff's motion for post-conviction relief. In his motion, filed on March 17, 2004, Ruff states that judgment was entered and sentence imposed on September 5, 1999. The time elapsed is clearly more than three years. "The Mississippi Supreme Court has held that the three year statute of limitations may be waived when a fundamental constitutional right is implicated." Hudson v. State, 891 So.2d 260, 262 (¶ 6) (Miss.Ct.App.2004), citing Sneed v. State, 722 So.2d 1255, 1257 (¶ 11) (Miss.1998); Luckett v. State, 582 So.2d 428, 430 (Miss. 1991). Based on the circuit court determination and this Court's resolution of the first issue, if Ruff had made this argument, we would find it unpersuasive.
¶ 16. Finding more than ample grounds to support the judgment of the circuit court, we affirm that decision.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO LEE COUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR. GRIFFIS, J., CONCURS IN RESULT ONLY.