973 So.2d 1003 (2007)
O.C. SMITH, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01368-COA.
Court of Appeals of Mississippi.
October 30, 2007.
Rehearing Denied January 29, 2008.
*1004 O.C. Smith, pro se.
*1005 Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before MYERS, P.J., BARNES and ROBERTS, JJ.
BARNES, J., for the Court.
¶ 1. O.C. Smith, appearing pro se, appeals the judgment of the Circuit Court of Oktibbeha County, which dismissed his motion for post-conviction relief. Finding no error, we affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. In June 2003, Smith was arrested and charged with sale of cocaine and marijuana. The incident occurred in January 2003, when Smith sold the controlled substances to an undercover police officer. The transaction was captured on videotape. On July 2, 2003, the grand jury returned a two-count indictment for violation of section 41-29-139 (Rev.2005): one count for the sale of cocaine, and the other for the sale of marijuana. On November 5, 2003, the circuit court accepted a guilty plea from Smith for count one. As part of the, plea agreement, the count-two sale of marijuana charge was retired to the files. The State recommended a sentence of eight years to serve in the custody of the Mississippi Department of Corrections (MDOC), five years' post-release supervision, and a fine. The trial judge allowed sentencing to be deferred for two days at Smith's request so he could visit with his family. The judge gave Smith the following admonition on November 5:
HONORABLE JAMES T. KITCHENS, JR.: Now let me tell you something, Mr. Smith. How you behave between now and Friday means a lot.
MR. O.C. SMITH: Oh, yes, sir.
HONORABLE JAMES T. KITCHENS, JR.: Because if you get out there and get into trouble, I could give you thirty (30) years in prison.
MR. O.C. SMITH: Yes, sir. HONORABLE JAMES T. KITCHENS, JR.: And if you get out there and embarrass me, I'm probably going to give you thirty (30) years in prison.
MR. O.C. SMITH: Yes, sir. HONORABLE JAMES T. KITCHENS, JR.: Because I don't want it to be in the newspaper, Judge Kitchens, he let O.C. Smith off for a day or two to take care of his matters and he got out and did something bad.
MR. O.C. SMITH: Yes, sir. HONORABLE JAMES T. KITCHENS, JR.: So do what you tell me you're going to do, you know. Behave, spend some time with your family, and then come back here Friday. All right?
MR. O.C. SMITH: All right.
Smith was then released on his existing bond until November 7.
¶ 3. At 9:00 a.m. on November 7, Smith was a "no show" in court for his sentencing hearing; he did not appear in the court room until approximately 1:30 p.m. At that point, the judge deemed Smith intoxicated due to the smell of alcohol emanating from him. Smith maintained he had been drinking, but not since the previous night. The judge further delayed Smith's sentencing hearing because the judge did not believe Smith competent to understand what was occurring. On Monday, November 10, 2003, the judge declined to accept the recommended sentence of eight years. Instead, he sentenced Smith to twelve years to serve in the custody of MDOC, five years' post-release supervision, and a $5,000 fine.
¶ 4. On May 26, 2006, Smith filed a "fill-in-the-blank" motion for post-conviction relief. The trial court dismissed Smith's motion, finding that the substance of the fill-in-the-blank *1006 form had "no resemblance to the Petitioner's actual guilty plea proceedings," and therefore was without merit. Smith timely filed his appeal which was granted by the trial court in forma pauperis. Smith argues that (1) the State violated its plea agreement; (2) the twelve-year sentence was unlawful because his indictment was defective; (3) the sentence exceeds the plea agreement and the maximum sentence prescribed by statute; and (4) ineffective assistance of counsel because Smith's attorney did not make an on-the-record objection when the trial judge did not follow the plea agreement's sentence.

STANDARD OF REVIEW
¶ 5. This Court will not disturb the findings of the trial court to dismiss a motion for post-conviction relief unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). Questions of law are reviewed de novo. Id.

DISCUSSION
¶ 6. The trial court accurately noted that Smith's motion for post-conviction relief, which was a fill-in-the-blank form, did not substantively match Smith's actual guilty plea proceedings, and dismissed his petition. Smith now raises four issues, two of which were not raised at the trial court level in his motion. Issues not raised in the motion for post-conviction relief are procedurally barred on appeal. Ruff v. State, 910 So.2d 1160, 1162(¶ 14) (Miss.Ct.App.2005) (citing Black v. State, 806 So.2d 1162, 1164(¶ 3) (Miss.Ct.App. 2002)). Notwithstanding the procedural bar, we will discuss each of Smith's issues on the merits.
1. Whether the State violated Smith's plea agreement.
¶ 7. Smith argues that "the State violated its plea agreement" because the judge sentenced Smith to twelve years in the custody of MDOC instead of the recommended eight-year sentence. As stated above, Smith did not raise this issue in his motion before the trial court; thus it is procedurally barred on appeal. See Ruff, 910 So.2d at 1162(¶ 14).
¶ 8. Procedural bar notwithstanding, Smith is correct that a plea agreement "is basically a binding contract between the prosecution and the defendant that, if the defendant does a, b, and c, the prosecution will do d, e, and f." Presley v. State, 792 So.2d 950, 955(¶ 21) (Miss.2001). Nevertheless, "a trial judge is not bound by the terms of a plea agreement because it is the product of a bargaining process between the defendant and the prosecutor, and the judge is not a party to the agreement." Vance v. State, 799 So.2d 100, 102(¶ 7) (Miss.Ct.App.2001); see also Robinson v. State, 836 So.2d 747, 751(¶ 10) (Miss.2002) (holding trial judge does not have to accept any sentence recommendation made during plea negotiations); Wade v. State, 802 So.2d 1023, 1028(¶ 20) (Miss. 2001) (stating trial court is not bound by the plea agreement offered by the State).
¶ 9. Smith did not appear in court promptly on November 7, and when he finally did appear, the judge found Smith to be intoxicated. Because of Smith's malfeasance, the trial court judge declined to accept the State's recommended sentence and instead sentenced Smith to twelve years in the custody of the MDOC. This action is within the trial court's discretion. We find this issue without merit.
2. Whether the indictment was valid.
¶ 10. Smith claims his indictment was defective because count one did not contain the weight or quantity of cocaine sold. Indictments are to contain "a plain, *1007 concise and definite written statement of essential facts constituting the, offense charged and shall fully notify the defendant of the nature and "cause of the accusation." URCCC 7.06. However, the penalty for the sale of cocaine in this instance is the same regardless of the quantity sold. Miss.Code Ann. § 41-29-139(a)(1), (b)(1) (Rev.2005). The amount of cocaine sold is therefore not an essential element of the crime. Williams v. State, 821 So.2d 883, 887(¶ 16) (Miss.Ct.App.2002). Accordingly, we find the indictment was not defective.
3. Whether Smith's sentence was excessive and unlawful.
¶ 11. Smith contends his twelve-year sentence to serve in the custody of the MDOC exceeds the statutory maximum pursuant to Mississippi Code Annotated section 41-29-139(b)(1). Smith also makes the statement his sentence is "illegal" under state and federal law, but presents no facts to support his argument. We find his sentence was not unlawful; however, we note if his sentence were found illegal, this issue would not be procedural barred. See Bevill v. State, 669 So.2d 14, 17 (Miss. 1996) (recognizing exception to procedural bar where fundamental constitutional right is involved).
¶ 12. Regarding the argument his sentence is excessive, this issue was not presented in Smith's motion at the trial court level and therefore is procedurally barred. See Ruff, 910 So.2d at 1162(¶ 14). Notwithstanding the procedural bar, this argument is also without merit. The sentence for the sale of cocaine is "not more than thirty (30) years and . . . [a fine of] not less than Five Thousand dollars. . . ." Miss.Code Ann. § 41-29-139(b)(1) (Rev. 2005). The trial court judge is to examine all relevant factors in" making a sentencing decision. Payton v. State, 897 So.2d 921, 949 (¶ 106) (Miss.2003) (citing Stewart v. State, 372 So.2d 257, 259 (Miss.1979)). "Where the sentence imposed is within the range permitted by statute, this Court generally has no power to disturb the trial court's exercise of discretion." Id. (citing Davis v. State, 724 So.2d 342, 344(¶ 11) (Miss.1998)).
¶ 13. Smith signed the petition to enter a plea of guilty, which contained the appropriate maximum and minimum sentencing for the crime charged. The trial judge fully warned Smith before sentencing that he could be sentenced to thirty years in the custody of MDOC for this crime. Smith chose to ignore the judge's warning and showed disrespect to the court and everyone involved by showing up late and intoxicated for his sentencing hearing. The trial judge was compelled to re-schedule the sentencing hearing because he did not believe Smith to be competent to understand what was occurring. Subsequently, the trial judge considered all relevant factors and sentenced Smith to twelve years. We find no error in the imposition of this sentence.
4. Whether Smith was denied effective assistance of counsel.
¶ 14. Finally, Smith argues that his attorney was ineffective because his attorney allowed him to plead guilty to a defective indictment and did not make an on-the-record objection when the judge altered the plea agreement sentence. Smith claims he would not have plea bargained had he known he would receive more than eight years in custody, even though the judge warned him of this possibility.
¶ 15. Ineffective assistance of counsel is established through the two-prong test articulated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test was adopted by Mississippi in Stringer v. State, 454 So.2d 468, 476 (Miss.1984). Smith has *1008 the burden of proving that his counsel was deficient and that as a result of that deficiency he was prejudiced. Id. at 477 (citing Strickland, 466 U.S. at 687, 104 S.Ct. 2052).
¶ 16. As we discussed above, the indictment was not defective. Smith received ample notice of the possible thirty-year sentence. His attorney was not under an obligation to object to the sentence of twelve years instead of eight years because Smith's own actions precipitated the longer sentence. Moreover, sentencing is within the sound discretion of the trial judge, and the sentence was not in excess of the statutory maximum for the crime charged. Counsel was thus in no way deficient. As a result, this issue is without merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY DISMISSING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.