ROBERTS, J.,
for the Court.
¶ 1. Germar Harris pled guilty to selling cocaine. The Lowndes County Circuit Court sentenced Harris to twenty-five years in the custody of the Mississippi Department of Corrections (MDOC). Harris subsequently filed a petition for post-conviction relief and claimed that: his guilty plea was involuntary; he received ineffective assistance of counsel; and the indictment under which he pled guilty was insufficient. The circuit court summarily dismissed Harris’s petition. Aggrieved, Harris appeals. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On August 24, 2006, Harris went before the circuit court and pled guilty to one count of selling cocaine in a four-count indictment. The circuit court sentenced Harris to twenty-five years in the custody of the MDOC followed by five years of post-release supervision. Additionally, the circuit court imposed the minimum fine of five thousand dollars and “all costs.” Based on Harris’s guilty plea, the circuit court followed the prosecution’s recommendation to retire the remaining three counts in the indictment, as well as two other counts in a separate indictment.
¶ 3. On June 12, 2007, Harris filed a pro se petition for post-conviction relief. Harris claimed that he was entitled to post-conviction relief because: (1) the indictment was insufficient; (2) his sentence was *1117 unlawful; (3) he received ineffective assistance of counsel; (4) he pled guilty unknowingly, involuntarily, and unintelligently; and (5) the circuit court failed to advise him that he had the right to appeal his sentence. The circuit court found no merit to Harris’s allegations and dismissed Harris’s petition. Aggrieved, Harris appeals.
STANDARD OF REVIEW
¶ 4. A trial court may dismiss a motion for post-conviction relief “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief[.]” Miss.Code Ann. § 99-39-11(2) (Rev.2007). In reviewing a circuit court’s decision to dismiss a motion for post-conviction relief, we will not disturb the circuit court’s factual decisions unless they are clearly erroneous. Williams v. State, 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). However, we review questions of law de novo. Id.
ANALYSIS
I.SUFFICIENCY OF THE INDICTMENT
¶ 5. Harris claims that he is entitled to post-conviction relief because the indictment was insufficient for two reasons: (1) the indictment failed to allege the amount of cocaine he possessed; and (2) the indictment failed to include the jurisdiction.
¶ 6. Harris is misplaced in his understanding of the charge to which he pled guilty. Harris pled guilty to selling cocaine. Pursuant to Mississippi Code Annotated section 41-29-139(a)(1) (Rev.2005), “[ejxcept as authorized by this article, it is unlawful for any person knowingly or intentionally: (l)[t]o sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance.” “[Sjince there is no statute that requires a specific amount of cocaine be included in the indictment, [the petitioner’s] claim that his indictment was faulty is without merit.” Waites v. State, 872 So.2d 758, 759(¶ 7) (Miss.Ct.App.2004). Harris seems to confuse a charge of possession of cocaine, which must include the weight of cocaine one allegedly possessed, with a charge of selling cocaine, which need not include an alleged weight.
¶ 7. As for Harris’s second allegation, Harris is incorrect when he claims the indictment failed to include the jurisdiction. The indictment clearly states that the indictment was filed in Lowndes County and that Harris sold or transferred cocaine “in the County ... aforesaid.” There is one judicial district in Lowndes County. It follows that we find no merit to this issue.
II. UNLAWFUL SENTENCE
¶ 8. Harris claims his sentence was illegal. His argument is based on his misunderstanding as set forth in the issue above. Suffice it to say, we find no merit to this issue.
III. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 9. Harris claims he received ineffective assistance of counsel. In order to demonstrate ineffective assistance of counsel, a petitioner must satisfy the familiar two-prong test established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, Harris must demonstrate that his attorney’s representation “fell below an objective standard of reasonableness.” Hannah v. State, 943 So.2d 20, 24(¶ 6) (Miss.2006). Second, Harris must demonstrate that “there is reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. When a petitioner has pled guilty, to satisfy the second prong, the petitioner *1118 must show that he would not have pled guilty, would have insisted on going to trial, and the ultimate outcome would have been different. Id. at (¶ 7).
¶ 10. Having pieced Harris’s argument together from his multiple issues, it appears that Harris has three claims. First, Harris claims that his attorney failed “to fully investigate and interview potential witnesses.” However, Harris neglects to state just which witnesses his counsel failed to interview or the testimony those potential witnesses might have offered.
¶ 11. Second, Harris claims that, on the date he pled guilty, his attorney told him “that she was not aware that [he] was scheduled to appear in court on [that day] and that she was not ready or prepared.” According to Harris, his attorney also neglected to research the case. Harris claims that Tameka Brooks “witnessed” his attorney’s statement. According to Harris, Brooks “provided an affidavit to that effect.” The record currently before us contains no affidavits whatsoever. Harris failed to attach any affidavits other than his own to support any of the allegations made in his petition contrary to the requirement of Mississippi Code Annotated section 99-39-9(1)(e) (Rev.2007).
¶ 12. Third, Harris seems to claim that his attorney misled him as to the sentence he could expect to receive. According to Harris, “his counsel mentally coerced him to enter a plea of guilty and illegally induced him to enter a plea by misleading him that he would only receive an 8-to-12 year sentence based on a false promise of the prosecutor.” To be precise, Harris states as follows:
Harris’s [attorney told Ms. Tameka Brooks after sentencing that Harris is under the 25% rule, which means that he would get a reduction of sentence for early release after serving 25% of the 25-year sentence. However, before sentence [sic] [his attorney] told Ms. Brooks that if Harris enter [sic] a plea of guilty to Count # 1, all other charges would be retired to the file and Harris would be sentenced to 8 to 12 years. This information was based on what the [prosecutor had relayed to his attorney as a promise and agreement they would recommend that Harris receive 8 to 12 years if he enter [sic] a plea of guilty.
¶ 13. Harris’s claims on appeal are directly in contrast with his sworn responses during the guilty plea colloquy, during which he swore that no one threatened him or promised him anything to induce his guilty plea. Additionally, by way of his petition to enter a guilty plea, Harris noted that the prosecution would recommend that he be sentenced to twenty-five years in the custody of the MDOC followed by five years of post-release supervision. Harris also noted that, in exchange for his guilty plea, the prosecution would agree to retire the remaining three counts of his four-count indictment as well as two other separate charges. Stated differently, in exchange for Harris’s guilty plea, the prosecution “dropped” five other charges against Harris. That is exactly the sentence that Hams received, and the prosecution followed through with its end of the agreement. Furthermore, in his petition to plead guilty, Harris indicated that he was “satisfied with the advice and help [his attorney] has given [him].”
IV. VOLUNTARINESS OF GUILTY PLEA
¶ 14. Harris claims his guilty plea was involuntary based on the alleged ineffective assistance rendered by his counsel. However, we found no ineffective assistance of counsel. Therefore, it follows that we find no merit to this issue.
V. RIGHT TO APPEAL
¶ 15. Harris claims he is entitled to post-conviction relief because the circuit court failed to advise him that he had the right to appeal his sentence. During the *1119 guilty plea colloquy, the circuit court informed Harris that he “cannot appeal to the Mississippi Supreme Court if you plead guilty in this case.” The circuit court did not specifically inform Harris that he had the right to appeal his sentence.
¶ 16. When Harris pled guilty, Mississippi Code Annotated section 99-35-101 (Rev.2007) provided that “[a]ny person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case where the defendant enters a plea of guilty.”[1] Nevertheless, while a conviction from a plea of guilty may not be directly appealed, a defendant may directly appeal the sentence given as a result of that plea. Trotter v. State, 554 So.2d 313, 315 (Miss.1989). However, a trial court is not required to inform a defendant who pleads guilty of his right to appeal the resultant sentence. Coleman v. State, 979 So.2d 731, 733(¶ 6) (Miss.Ct.App.2008). Accordingly, this issue is without merit.
¶ 17. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ„ CONCUR. MAXWELL, J., NOT PARTICIPATING.

. As of July 1, 2008, an amended section 99-35-101 (Supp.2008) reads, “Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.”