MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. Vernon Frazier appeals the Marion County Circuit Court’s dismissal of his motion for post-conviction relief, asserting numerous errors. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. Frazier executed a waiver of indictment and consent to be proceeded against by information on a felony charge of statutory rape of a fifteen-year-old girl. He then entered a plea of guilty to the information on October 19, 2006. The circuit court accepted his guilty plea, and he was convicted of statutory rape. Frazier was subsequently sentenced to twenty years’ imprisonment, with fifteen years to serve, five years suspended, and five years of post-release supervision.
 

 ¶ 3. On May 15, 2007, Frazier filed the instant motion for post-conviction relief, which the circuit court dismissed without an evidentiary hearing on June 27, 2007. Frazier timely appeals to this Court.
 

 STANDARD OF REVIEW
 

 ¶ 4. This Court reviews the dismissal of a post-conviction relief motion for an abuse of discretion.
 
 Willis v. State,
 
 904 So.2d 200, 201(¶ 3) (Miss.Ct.App.2005). Questions of law, however, are reviewed de novo.
 
 Ruff v. State,
 
 910 So.2d 1160, 1161(¶ 7) (Miss.Ct.App.2005).
 

 DISCUSSION
 

 1. Waiver of Indictment; Circuit Court Jurisdiction; Illegal Sentence
 

 ¶ 5. Frazier argues that his sentence was illegal and that the circuit court was with
 
 *648
 
 out jurisdiction because he was never indicted by a grand jury. He asserts that this violated article 3, section 27 of the Mississippi Constitution. That provision reads, in pertinent part: “No person shall, for any indictable offense, be proceeded against criminally by information, except in cases ... where a defendant represented by counsel by sworn statement waives indictment.” The record, however, reflects that Frazier was represented by counsel and that he executed a sworn statement that expressly waived indictment by a grand jury on October 19, 2007. This argument is without merit.
 

 ¶ 6. Frazier also argues that the information was defective because it did not comply with Rule 7.06 of the Uniform Rules of Circuit and County Court. Rule 7.06, however, provides for the form of indictments returned by a grand jury; it does not concern the form of an information. This argument is without merit.
 

 ¶ 7. Frazier additionally argues that the circuit court erred in accepting his waiver of indictment because it was not made knowingly and voluntarily. This, however, is belied by his own testimony at the plea colloquy:
 

 [By the Court]: And you understand about a charge being made by information; you’re giving up your right to be indited [sic] by the grand jury and letting the district attorney’s office make that charge?
 

 [Frazier]: Yes, sir.
 

 [By the Court]: And your lawyer went over that and explained it to you?
 

 [Frazier]: Yes, sir.
 

 He also testified that his attorney had explained his rights in this respect to him. Allegations by a prisoner in a petition for post-conviction relief that are belied by his sworn testimony in the record do not require an evidentiary hearing.
 
 Callins v. State,
 
 975 So.2d 219, 230 (¶ 25) (Miss.2008). Furthermore, the waiver of indictment itself clearly informed Frazier of his right to have the case presented to a grand jury. It also stated that Frazier’s attorney had advised him of his rights, and that the waiver was freely and voluntarily executed. This argument is without merit.
 

 ¶ 8. Finally, Frazier asserts that he was only “semi-literate,” and that the trial court erred in allowing him to present sworn statements that he did not understand. The record contains nothing that supports these allegations, except perhaps the following exchange in Frazier’s plea colloquy:
 

 [By the Court]: How far did you go in school?
 

 [Frazier]: Until the eighth.
 

 [By the Court]: So you can read and write?
 

 [Frazier]: Pretty well, sir.
 

 [By the Court]: Did you read your petition and charge and understand it?
 

 [Frazier]: Yes, sir, best I could, sir.
 

 [By the Court]: And did your lawyer go over that with you too?
 

 [Frazier]: Yes, sir.
 

 [By the Court]: Do you feel like after he went over it and you looked at it, that you understood about all of it?
 

 [Frazier]: Yes, sir.
 

 We are satisfied that this issue is without merit.
 

 2. Ineffective Assistance of Counsel
 

 ¶ 9. Frazier argues that his defense counsel rendered constitutionally ineffective assistance in a number of respects. We shall address each.
 

 ¶ 10. “In order to prevail on the issue of whether his defense counsel’s performance was ineffective, [the petitioner] must prove that his counsel’s performance
 
 *649
 
 was deficient and that he was prejudiced by counsel’s mistakes.”
 
 Kinney v. State,
 
 737 So.2d 1038, 1041 (¶ 8) (Miss.Ct.App.1999) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “There is a strong but rebuttable presumption that counsel’s conduct fell within the wide range of reasonable professional assistance.”
 
 Id.
 
 (citing
 
 Moody v. State,
 
 644 So.2d 451, 456 (Miss.1994)). Additionally, a petitioner is required to “allege both prongs of the above test with specific detail.”
 
 Coleman v. State,
 
 979 So.2d 731, 735 (¶ 15) (Miss.Ct.App.2008) (citing
 
 Brooks v. State,
 
 573 So.2d 1350, 1354 (Miss.1990)).
 

 ¶ 11. Frazier argues that his counsel was ineffective in failing to object to his entry of a guilty plea on an information, without a grand jury indictment. This is issue is without merit for reasons we have already discussed.
 

 ¶ 12. Frazier also alleges that his counsel failed to fully advise him of his rights and wrongfully advised him that, if he did not plead guilty, he could potentially be sentenced to life imprisonment. Frazier has presented no affidavits to support these assertions, and they are not supported by anything but allegations in his brief. The supreme court has stated that, in cases involving post-conviction relief, “where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.”
 
 Vielee v. State,
 
 653 So.2d 920, 922 (Miss.1995). Furthermore, we note that Frazier correctly stated in his sworn petition to plead guilty that the maximum penalty for statutory rape was thirty years and that, during his plea colloquy, the court asked Frazier if he knew the maximum penalty for the crime he was pleading guilty to, and Frazier replied correctly that it was thirty years’ imprisonment. He also testified that he was satisfied with his attorney’s representation. This issue is without merit.
 

 3. Factual Basis for Guilty Plea
 

 ¶ 13. Finally, Frazier argues that the circuit court had no factual basis to accept his guilty plea. This argument, however, is belied by the record, which contains both the information and a sworn petition to plead guilty, which were sufficient to establish the factual basis for the plea. The record reflects that during his plea colloquy, Frazier testified that his attorney had gone over his plea petition and explained it to him. He further testified that his attorney had “go[ne] over and explained] the charge to [him].” The transcript of the plea colloquy then contained the following exchanges:
 

 [By the Court]: And, Vernon Frazier, do I needed [sic] to have your charge read to you?
 

 [Frazier]: No, sir. I understand it
 

 [By the Court]: You understand what it is. Your charge is statutory rape?
 

 [Frazier]: Yes, sir.
 

 [By the Court]: And how do you plead to that charge?
 

 [Frazier]: Guilty, sir.
 

 [By the Court]: Pleading guilty because you are guilty?
 

 [Frazier]: Yes, sir.
 

 [By the Court]: Facts that are stated in the charge then are true and correct?
 

 [Frazier]: Yes, sir.
 

 [By the Court]: I believe your charge is made by information, is that right?
 

 [Frazier]: Yes, sir.
 

 Frazier’s assertions that the circuit court wrongfully relied on the information are without merit for reasons we have already discussed. This issue is without merit.
 

 ¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUN
 
 *650
 
 TY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.