RUSSELL, J.,
for the Court:
¶ 1. Gregory Fair appeals the Coahoma County Circuit Court’s denial of his motion for post-conviction relief (PCR). He argues that the indictment charging him with sale of cocaine was defective because it failed to include a stated quantity of cocaine. Finding no error, we affirm the circuit court’s judgment denying Fair’s PCR motion.
FACTS AND PROCEDURAL HISTORY
¶ 2. On May 30, 2007, Fair was indicted by a grand jury for sale of cocaine. The indictment reads as follows:
SECOND AND SUBSEQUENT MCA Section 41-29-147
SALE OF CONTROLLED SUBSTANCE MCA Section 41-29-139(a)(l) STATE OF MISSISSIPPI CIRCUIT COURT
COAHOMA COUNTY NO. 2007-0048 Prior to July Term, 2007
THE GRAND JURORS of the State of Mississippi, taken from the body of the good and lawful citizens of said County and State aforesaid, duly elected, empaneled, sworn and charged to inquire in and for said County and State aforesaid, at the May 2007 Vacation Term of the Court aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths, present:
GREGORY FAIR A/K/A LIL GREG, late of Coahoma County, Mississippi, on or about July 10, 2006, in the County and State aforesaid, and within the jurisdiction of this Court, did unlawfully, wil-fully[,] and feloniously and without authority of law, sell, transfer or deliver to Antonio Word, a certain controlled substance, to wit: cocaine, a Schedule II controlled substance as listed in Section 41-29-115(A)(a)(4) of the Mississippi Code of 1972, Annotated, as amended, and the defendant is charged as a Second and Subsequent Offender as is set forth in the attachments to this indictment, which attachments are made a part hereof as though fully copied herein in words and figures at this point, contrary to the form of the statute in such cases made and provided against the peace and dignity of the State of Mississippi.
AFFIDAVIT: This indictment was concurred in by twelve (12) or more members of the Grand Jury, and at least fifteen (15) were present during all deliberations.
The indictment, which was filed on May 30, 2007, was signed by the foreman of the grand jury, the circuit clerk, the district attorney, and the clerk.
¶ 3. A jury found Fair guilty of sale of a controlled substance (cocaine), and he was sentenced to five years. Thereafter, Fair filed a PCR motion seeking an order vacating his conviction and sentence. Fair alleged the indictment was defective because it “failed to set out the quantity of the alleged controlled substance which Fair was charged with selling to or delivering to Antonio Word.” The circuit court entered an order denying Fair’s PCR motion, stating:
This matter comes before this Court pursuant to [Fair’s] motion for post-conviction collateral relief. After carefully considering said motion, this Court finds as follows:
On November 12, 2008, [Fair] went to trial on charges of sale of cocaine. [Fair] was subsequently found guilty and sentenced on November 25, 2008, to a term of five (5) years in the custody of *58 the Mississippi Department of Corrections.
It appears that [Fair] did not file a direct appeal of his conviction. He has now filed this [m]otion for [p]ost-[c]on-viction [r]elief on the grounds that his conviction and sentence were in violation of the Constitution of the United States and the Constitution of Mississippi, since his indictment did not contain the name or amount of the controlled substance he was alleged to have sold.
After reviewing the indictment [Fair] provided as part of this [m]otion, the controlled substance he was convicted of selling is named on the indictment. The amount of cocaine he sold is not listed on the indictment. However, the law in Mississippi is clear than an indictment for the charge of sale of cocaine does not have to list the amount sold. The penalty for sale of cocaine is the same regardless of the amount that was sold. Therefore, the indictment charging [Fair] with sale of cocaine was proper[,] and [Fair’s] [constitutional rightfs] were not violated.
Accordingly, [Fair’s] motion is DENIED.
¶ 4. Aggrieved by the circuit court’s denial of his PCR motion, Fair appeals.
DISCUSSION
¶ 5. Denial of a PCR motion is proper “if it plainly appears from the face of the motion, any annexed exhibits[,] and the prior proceedings in the case that the mov-ant is not entitled to any relief.” Harris v. State, 17 So.3d 1115, 1117 (¶ 4) (Miss.Ct.App.2009) (citing Miss.Code Ann. § 99-39-11(2) (Rev.2007)). “In reviewing a circuit court’s decision to dismiss a motion for post-conviction relief, we will not disturb the circuit court’s factual decisions unless they are clearly erroneous.” Id. (citing Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004)). This Court reviews questions of law de novo. Id.
¶ 6. As previously noted, Fair argues that the indictment charging him with sale of cocaine was defective for failing to set out the amount of cocaine allegedly sold. Fair also argues that the indictment failed to identify what drug he allegedly sold. However, from a plain reading of this indictment, it clearly lists “cocaine” as the drug sold. This issue is without merit.
¶ 7. Mississippi Code Annotated section 41-29-139(a)(l) (Supp.2011), which criminalizes the sale of controlled substances, states that “it is unlawful for any person knowingly or intentionally: (l)[t]o sell, barter, transfer, manufacture, distribute, dispense!,] or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance[.]” Nothing within this statute requires that a quantity be listed in an indictment. Rather, in charging this crime, the indictment must contain “a plain, concise!,] and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation.” URCCC 7.06. Under Mississippi law, “the penalty for the sale of cocaine ... is the same regardless of the quantity sold.” Smith v. State, 973 So.2d 1003, 1007 (¶ 10) (Miss.Ct.App.2007); see also Miss.Code Ann. § 41-29-139(a)(1), (b)(1). Therefore, “[t]he amount of cocaine sold is ... not an essential element of the crime.” Smith, 973 So.2d at 1007 (¶ 10) (citing Williams v. State, 821 So.2d 883, 887 (¶ 16) (Miss.Ct.App.2002)). As such, an indictment is not defective for failing to list a quantity of cocaine in the context of a sale of cocaine charge. Id. at 1006-07 (¶ 10). In fact, Mississippi law is clear that a quantity or amount of cocaine is not required to be listed in the indictment for a charge of sale of cocaine. See Harris, 17 So.3d at 1117 *59 (¶ 6) (noting that while a charge for possession of cocaine must include the weight of cocaine one allegedly possessed within the indictment, a charge of selling cocaine does not have to include an alleged weight); Edwards v. State, 916 So.2d 542, 545 (¶ 7) (Miss.Ct.App.2005) (holding that the indictment was not flawed for failure to include the weight of cocaine sold because weight is not an element of that crime); Waites v. State, 872 So.2d 758, 759 (¶ 7) (Miss.Ct.App.2004) (holding that “since there is no statute that requires a specific amount of cocaine be included in the indictment, Waites’s claim that his indictment was faulty is without merit”).
¶ 8. In the instant case, the indictment charged Fair with “unlawfully, wilfully[,] and feloniously and without authority of law, sell, transfer[,] or deliver to Antonio Word, a certain controlled substance, to wit: cocaine, a Schedule II controlled substance as listed in Section 41-29-115(A)(a)(4) of the Mississippi Code of 1972, Annotated as amended[.]” While no quantity of cocaine was listed in the indictment, we find that no such requirement exists under Mississippi law. Therefore, we affirm the circuit court’s denial of Fair’s PCR motion.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR.