ROBERTS, J.,
for the Court:
¶ 1. Debra Ludwig pled guilty to two counts of selling less than one kilogram but more than thirty grams of marijuana. Subsequently, Ludwig filed a motion for post-conviction relief (PCR) and claimed that the indictment against her was fatally defective because it did not specifically allege the weight of the marijuana that she sold. Ludwig also claimed that she was entitled to relief because she received ineffective assistance of counsel. That is, Ludwig claimed her attorney was ineffective for declining to claim that the indictment was fatally defective. The DeSoto County Circuit Court summarily dismissed Ludwig’s PCR motion. Ludwig appeals. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. In July 2010, Ludwig was indicted for two counts of selling less than a kilogram but more than thirty grams of marijuana. Additionally, Ludwig was indicted as a subsequent drug offender under Mississippi Code Annotated section 41-29-147 (Rev.2013) and a habitual offender under *362 Mississippi Code Annotated section 99-19-81 (Rev.2007). Approximately one year later, the prosecution had agreed to dismiss the habitual-offender portion of the indictment against Ludwig, so she pled guilty to both charges as a subsequent drug offender. After it accepted Ludwig’s guilty pleas, the circuit court sentenced her to twenty years in the custody of the Mississippi Department of Corrections for Count I. For Count II, the circuit court sentenced Ludwig to twenty years of post-release supervision, with the first five years designated as “reporting” post-release supervision.
¶ 3. In July 2012, Ludwig filed a PCR motion. Ludwig claimed that the indictment against her was fatally defective because both counts accused her of selling less than one kilogram but more, than thirty grams of marijuana, and neither charge accused her of selling a specific quantity of marijuana. Because her attorney had not objected to the indictment or attempted to dismiss it, Ludwig also claimed that she received ineffective assistance of counsel. Without requiring a response from the prosecution, the circuit court summarily dismissed Ludwig’s PCR motion. Ludwig appeals.
STANDARD OF REVIEW
¶ 4. “In reviewing a circuit court’s decision to dismiss a motion for post-conviction relief, we will not disturb the circuit court’s factual decisions unless they are clearly erroneous.” Harris v. State, 17 So.3d 1115, 1117 (¶ 4) (Miss.Ct.App.2009). “However, we review questions of law de novo.” Id.
ANALYSIS
I. SUFFICIENCY OF THE INDICTMENT
¶ 5. Ludwig claims that the indictment did not sufficiently notify her of the charges she faced because the indictment did not allege the specific amount of marijuana that she sold. Ludwig also claims that the indictment was defective in that it alleged that she “did willfully, unlawfully[,] ... feloniously, knowingly[,] and intentionally sell, barter, transfer, distribute^] or dispense a controlled substance....” According to Ludwig, the indictment should have specified whether she was accused of selling, bartering, transferring, distributing, or dispensing marijuana. Ludwig reasons that this Court should reverse the circuit court’s judgment and remand this matter for an evidentiary hearing. We disagree.
¶ 6. An indictment must contain “a plain, concise[,] and definite written statement of [the] essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation.” URCCC 7.06. “The purpose of the indictment is to provide the accused reasonable notice of the charges against him so that he may prepare an adequate defense.” Brawner v. State, 947 So.2d 254, 265 (¶ 31) (Miss.2006). The ultimate test for the validity of an indictment is whether the defendant was prejudiced in preparing a defense. Medina v. State, 688 So.2d 727, 730 (Miss.1996).
¶ 7. Under the circumstances, there is no requirement that Ludwig’s indictment contain the amount of marijuana she sold. The indictment alleged that Ludwig sold less than one kilogram but more than thirty grams of marijuana. Ludwig was also indicted as a subsequent drug offender. Mississippi Code Annotated section 41 — 29—139(b)(1) (Supp.2013) provides that a subsequent drug offender who is convicted of selling less than one kilogram but more than thirty grams of marijuana “may, upon conviction, be imprisoned for not more than thirty ... years....” Con *363 sequently, the penalty for selling any quantity of marijuana that is less than one kilogram but more than thirty grams is the same.
¶ 8. In Smith v. State, 973 So.2d 1003, 1007 (¶ 10) (Miss.Ct.App.2007), this Court rejected an argument that an indictment was fatally defective because it omitted the precise weight of cocaine that a defendant allegedly sold. Because the penalty for selling cocaine was the same regardless of the precise quantity sold, this Court held that the exact quantity was not an essential element of the crime. Id. We reiterated that point in Fair v. State, 93 So.3d 56, 59 (¶ 8) (Miss.Ct.App.2012).
¶ 9. As for Ludwig’s claim that the indictment should have specified whether she was accused of selling, bartering, transferring, distributing, or dispensing marijuana, we find no merit to Ludwig’s position. In Tran v. State, 962 So.2d 1237, 1241 (¶ 17) (Miss.2007), the Mississippi Supreme Court held that an indictment is generally sufficient if it tracks the language of the relevant criminal statute. In large part, the charges that Ludwig faced tracked the language of Mississippi Code Annotated section 41-29-139(a)(l) (Rev. 2013). Therefore, there is no merit to this issue.
II. EFFECTIVE ASSISTANCE OF COUNSEL
¶ 10. Next, Ludwig claims that her attorney was ineffective because her attorney did not move to dismiss the indictment for its failure to allege the specific amount of marijuana that Ludwig sold. To prove that she received ineffective assistance of counsel, Ludwig was obligated to prove that: (1) her attorney’s performance was deficient, and (2) she was prejudiced by her attorney’s deficient performance. Cherry v. State, 24 So.3d 1048, 1051 (¶ 6) (Miss.Ct.App.2010) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “Under Strickland, there is a strong presumption that counsel’s performance was effective.” Id. “To overcome this presumption, the defendant must show that there is a reasonable probability that, but for the counsel’s unprofessional errors, the result of the proceeding would have been different.” Id.
¶ 11. Ludwig’s claim that she received ineffective assistance of counsel is inherently linked to her position in the previous issue. That is, she claims that her attorney should have moved to dismiss the indictment under the theory that it was fatally defective for its omission of a specific weight of marijuana that she sold. We have found no merit to that claim. It follows that her attorney’s performance was not deficient for declining to raise a meritless claim. There is no merit to this issue.
¶ 12. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.
JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.