# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-00915-COA

**ANANIAS SMITH A/K/A ANANIAS MICHAEL SMITH**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

DATE OF JUDGMENT:          07/22/2021
TRIAL JUDGE:               HON. GERALD W. CHATHAM SR.
COURT FROM WHICH APPEALED: DESOTO COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:    ANANIAS SMITH (PRO SE)
ATTORNEY FOR APPELLEE:     OFFICE OF THE ATTORNEY GENERAL
                           BY: SCOTT STUART
NATURE OF THE CASE:        CIVIL - POST-CONVICTION RELIEF
DISPOSITION:               AFFIRMED - 09/20/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., WESTBROOKS AND SMITH, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Ananias Smith appeals from the DeSoto County Circuit Court's order dismissing his motion for post-conviction collateral relief (PCR) on the grounds of (1) a defective indictment; (2) an illegal sentence; and (3) ineffective assistance of counsel. After a review of the record, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     Smith was indicted in January 2007 by a DeSoto County grand jury on two counts of the sale of cocaine in violation of Mississippi Code Annotated section 41-29-139(a)(1) (Rev. 2005), which stated in pertinent part:

(a) Except as authorized by this article, it is unlawful for any person knowingly or intentionally:
    (1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance[.]

The indictment also contained one charge of possession of marijuana in violation of section 41-29-139. While no particular section of the statute was specified, we acknowledge the applicable part of the statute provided:

(c) It is unlawful for any person knowingly or intentionally to possess any controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this article.
. . . .
Any person who violates this subsection with respect to:
    (2) Marihuana in the following amounts shall be charged and sentenced as follows:
        (A) Thirty (30) grams or less by a fine of not less than One Hundred Dollars ($100.00) nor more than Two Hundred Fifty Dollars ($250.00). . . .

Miss. Code Ann. § 41-29-139(c)(2)(A) (Rev. 2005).

¶3. On January 6, 2011,[1] the trial court ordered the indictment to be amended to add two prior convictions for a habitual offender designation under Mississippi Code Annotated section 99-19-81 (Rev. 2000). One count of the sale of cocaine and the one count of possession of marijuana were remanded by agreement of the parties, and later in January 2011 Smith pled guilty to the remaining count on a reduced charge of possession of cocaine

---

[1] While the order was dated and entered on the docket as "dated" January 6, 2011, the document in the record was not actually signed and stamped "filed" until February 1, 2011. On January 19, 2011, the trial judge asked counsel for both Smith and the State if "[e]verybody is [in] agreement that Mr. Smith has been amended to a Section 99-19-81 habitual offender." Both attorneys affirmed.

(instead of the sale of cocaine) in an amount between two grams and ten grams. The applicable section of the statute read:

> (c) It is unlawful for any person knowingly or intentionally to possess any controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this article.
> . . . .
> Any person who violates this subsection with respect to:
>> (1) A controlled substance classified in Schedule I or II, except marihuana, in the following amounts shall be charged and sentenced as follows:
>> . . . .
>>> (C) Two (2) grams but less than ten (10) grams or ten (10) dosage units but less than twenty (20) dosage units, by imprisonment for not less than four (4) years nor more than sixteen (16) years and a fine of not more than Two Hundred Fifty Thousand Dollars ($250,000.00).

Miss. Code Ann. § 41-29-139(c)(1)(C).

¶4. Smith was sentenced to serve sixteen years in the custody of the Mississippi Department of Corrections pursuant to section 99-19-81 as a non-violent habitual offender and to pay restitution upon his release. At the time of the commission of Smith's crime (March 2006), sixteen years was the maximum sentence allowed by statute for possession of a Schedule II substance in the amount between two and ten grams. Miss. Code Ann. § 41-29-139(c)(1)(C).

¶5. In April 2021, Smith filed his first PCR motion pro se with the DeSoto County Circuit Court. In his motion, Smith claimed that (1) his sentence exceeded the statutory maximum for his crime; and (2) he was denied effective assistance of counsel during sentencing because his attorney did not advise him that the sentence was excessive. In July 2021, the

3

circuit court dismissed Smith's PCR motion as untimely and for lack of merit. It is from this order of dismissal that Smith appeals.

## STANDARD OF REVIEW

¶6. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Tingle v. State*, 285 So. 3d 708, 710 (¶8) (Miss. Ct. App. 2019) (quoting *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017)).

## DISCUSSION

### I. Statute of Limitations

¶7. Smith filed his April 2021 PCR motion ten years after his January 18, 2011 sentencing. This period is well outside the three-year statute of limitations provided by the Uniform Post-Conviction Collateral Relief Act. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). There are, however, four specific types of fundamental rights that survive PCR procedural time-bars: "(1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Putnam v. State*, 212 So. 3d 86, 92 (¶16) (Miss. Ct. App. 2016). "[T]he mere assertion of a constitutional right violation is not sufficient to overcome the time bar. There must at least appear to be some basis for the truth of the claim before the limitation period will be waived." *Stovall v. State*, 873 So. 2d 1056, 1058 (¶7) (Miss. Ct. App. 2004). Furthermore, a petitioner may show "extraordinary circumstances" that would allow him to

4

circumvent the time bar. *See Kelly v. State*, 306 So. 3d 776, 778-79 (¶9) (Miss. Ct. App. 2020), *cert. denied*, 308 So. 3d 440 (Miss. 2020). In this instance, Smith has failed to show that any exception to the three-year statute of limitations applies. Thus, Smith's motion is barred primarily because it is untimely.

## II.      Illegal Sentence and Ineffective Assistance of Counsel

¶8.      Even though Smith has failed to show how his claims could overcome the statute of limitations, we will briefly address their merits. Smith's principal argument is that his sentence is illegal and that his counsel was ineffective by failing to advise him of the alleged illegality at the time of his plea. Smith claims that the *current* maximum sentence of eight years for possession of cocaine in an amount between two and ten grams should apply to his 2011 sentence. *See* Miss. Code Ann. § 41-29-139(c)(1)(C) (Rev. 2018 & Supp. 2022). However, in 2006 when Smith committed the crime, the maximum penalty for this crime was sixteen years. *See* Miss. Code Ann. § 41-29-139(c)(1)(C) (Rev. 2005). This penalty did not change until 2014, well after the date of the commission of the crime. 2014 Miss. Laws ch. 457, § 37 (H.B. 585) (effective July 1, 2014) (amending Mississippi Code Annotated section 41-29-139(c)(1)(C) (Supp. 2013)). A sentencing court must apply the sentencing statute in place at the time of the crime. *Wilson v. State*, 194 So. 3d 855, 874 (¶60) (Miss. 2016). Because at the time of the commission of Smith's crime the maximum sentence was sixteen years, his sixteen-year sentence is not illegal, and this issue has no merit. It follows that Smith's second issue, the assertion that his counsel was ineffective in failing to advise him of his illegal sentence, must also fail.

### III. Faulty Indictment

¶9. Next, Smith alleges on appeal that his indictment is faulty because it lists "no specific weight [for the sale of cocaine charges] and thus, renders void any sentence where no weight is provided." In addition to being time-barred, Smith's new issue is procedurally barred because it was not raised before the circuit court. *Boyd v. State*, 190 So. 3d 865, 869 (¶16) (Miss. Ct. App. 2015). Furthermore, we find this issue is without merit. It is true that Count 2 (the count under which Smith was sentenced) of Smith's indictment does not list the weight of the cocaine it charged was sold. But this Court has established that an indictment "is not defective for failing to list a quantity of cocaine in the context of a sale of cocaine charge" because the penalty does not differ according to the weight of cocaine sold. *Fair v. State*, 93 So. 3d 56, 58 (¶7) (Miss. Ct. App. 2012). Weight is not an essential element of the crime of the *sale* of cocaine, thus failing to list it on the indictment is not a fatal flaw. *Id.* at 59 (¶7). Furthermore, when Smith pled guilty to the reduced charge of possession of cocaine (which does have a weight element) he waived his right to argue that his indictment was faulty because "[a] defendant's valid guilty plea also waives all nonjurisdictional defects or insufficiencies in the indictment." *Scurlock v. State*, 147 So. 3d 894, 896 (¶9) (Miss. Ct. App. 2014) (citing *Joiner v. State*, 61 So. 3d 156, 158 (¶7) (Miss. 2011)). Accordingly, Smith's indictment was not defective for failing to list a specific weight of cocaine sold, and Smith's attorney was not ineffective for failing to object to the indictment.

### CONCLUSION

¶10. Because Smith clearly fails to establish an excepted error to the statute of limitations

6

regarding his claims of an illegal sentence, ineffective assistance of counsel, and a defective indictment, and because his claims are without merit, we must affirm the circuit court's order dismissing his PCR motion.

¶11.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE AND SMITH, JJ., CONCUR.  McCARTY AND EMFINGER, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**