PITTMAN, Justice,
for the Court:
R.L. Summerville was Convicted for sale of cocaine and conspiracy in the Leflore County Circuit Court in January 1991. Summerville was sentenced to thirty years on the sale count and five years on the conspiracy count, to run concurrently. Summerville was represented at trial by Fredrick B. Clark. Clark never perfected an appeal on behalf of Summerville.
On November 26, 1991, Summerville filed his Petition for an Out-of-Time Appeal with the circuit court. Summerville alleged that he advised Fredrick Clark that he wanted to appeal his conviction. He further alleged that Clark subsequently came to visit him in jail and advised him to sign certain papers to have additional pending charges dismissed. Summerville alleges that he reads at the fourth grade level, is borderline retarded, and that he never knowingly waived his right to an appeal.
The circuit court ordered that Fredrick Clark file an answer to Summerville’s petition. Clark’s response stated that he had advised Summerville that the district attorney would dismiss other pending charges against Summerville if Summerville would agree not to appeal his conviction. Clark stated that Summerville agreed to forgo his appeal. Clark attached an affidavit, dated *15 April 3, 1991, and signed by R.L. Summer-ville, which stated: “I am not going to appeal my January 1991, conviction to the Mississippi Supreme Court.” Declining to hold an evidentiary hearing, the circuit court found that Summerville’s petition for out-of-time appeal should be denied.
Summerville assigns three issues for review by this Court, but all raise essentially the same argument, that the circuit court erred in denying Summerville’s petition without holding an evidentiary hearing. In Wright v. State, 577 So.2d 387 (Miss.1991), this Court held that where the affidavits of petitioner and attorney were contradictory as to whether an appeal had been requested and whether the petitioner had been advised of his right to appeal, and where the petitioner had met the pleading requirements of the Mississippi Uniform Post-Conviction Collateral Relief Act, the petitioner was entitled to an evidentiary hearing on the matter. The Court further specifically found that the knowledge that an appeal exists is not equivalent to the knowledge that one has the right to an appeal. Wright, 577 So.2d at 390; see also Harris v. State, 578 So.2d 617 (Miss.1991).
Fredrick Clark’s response to Summer-ville’s petition states generally that he fully advised Summerville of his options and that he specifically advised Summerville that the District Attorney would drop other pending charges if Summerville would forgo his appeal. Summerville’s affidavit states only that he is not going to appeal his January 1991 conviction. Nothing in this record shows that Summerville had been informed of his right to appeal and that he waived that right. The Court therefore finds that the judgment of the circuit court should be reversed and this matter remanded for an evidentiary hearing.
REVERSED AND REMANDED.
DAN M. LEE, C.J., PRATHER and SULLIVAN, P.JJ., BANKS, McRAE, JAMES L. ROBERTS, Jr., SMITH and MILLS, JJ., concur.