904 So.2d 200 (2005)
Pernell Scott WILLIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00367-COA.
Court of Appeals of Mississippi.
June 14, 2005.
Pernell Scott Willis, appellant, pro se.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before LEE, P.J., MYERS and BARNES, JJ.
*201 LEE, P.J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. On April 6, 2000, Pernell Scott Willis was found guilty of manslaughter by a jury in the Marion County Circuit Court. Willis was sentenced to twenty years, with five years suspended and fifteen to serve in the custody of the Mississippi Department of Corrections. Willis also received five years post-release supervision and was ordered to pay $2,250 in restitution to the victim's father. The court also ordered Willis to pay $100 in restitution to each of the victim's children for a total of $300 per month while on post-release supervision. Lastly, Willis was banished from Marion County.
¶ 2. Willis filed a petition for post-conviction relief on December 13, 2002. At some point after Willis filed for post-conviction relief, his trial attorney, Virginia Carlton, submitted to the record a statement signed by Willis wherein he stated that "I do not want a new trial and my case won't be appealed. I have no issues to appeal or that I desire to appeal." The letter is dated "April 18 meeting." The lower court, on January 26, 2004, dismissed Willis's petition finding that it was procedurally barred as Willis had previously stated he did not want to appeal his manslaughter conviction. Aggrieved, Willis now appeals to this Court asserting the following issues: (1) the trial court conducted ex parte communications and accepted and considered evidence in violation of Mississippi Code Annotated Section 99-39-17; (2) he is entitled to an out-of-time appeal; (3) he was entitled to an evidentiary hearing; (4) his sentence is improper and unconstitutional; (5) he was denied effective assistance of counsel; and (6) his claims are not procedurally barred.

STANDARD OF REVIEW
¶ 3. The standard of review for a dismissal of a post-conviction motion is well-stated. The findings of the trial court must be clearly erroneous in order to overturn a lower court's dismissal of a post-conviction relief motion. McClinton v. State, 799 So.2d 123, 126 (¶ 4) (Miss.Ct.App.2001).
DISCUSSION OF ISSUES
I. DID THE TRIAL COURT CONDUCT EX PARTE COMMUNICATIONS AND ACCEPT AND CONSIDER EVIDENCE IN VIOLATION OF MISSISSIPPI CODE ANNOTATED SECTION 99-39-17?
II. IS WILLIS ENTITLED TO AN OUT-OF-TIME APPEAL?
III. IS WILLIS ENTITLED TO AN EVIDENTIARY HEARING?
V. WAS WILLIS DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 4. In his first, second, third and fifth assignments of error, Willis essentially argues that he should have been granted an out-of-time appeal or at least an evidentiary hearing. Willis states that he informed his attorney, Virginia Carlton, that he wanted to appeal. Willis further states that, at the sentencing, neither the trial court nor his trial attorney ever informed Willis of his right to appeal. The trial court relied upon the purported statement signed by Willis in dismissing Willis's motion for relief, stating that Willis notified his attorneys, "the Honorable Morris Sweatt, and the Honorable Virginia Carlton that he (1) did not want a new trial; (2) and did not want to appeal his case because he had no issue to appeal." However, in reviewing the record, it is not clear when this purported statement was filed in *202 the record. The document contains no date stamped as filed in the clerk's office, nor is there any record that Willis received notification of the existence of the letter. In fact, Willis claims that he only learned of the document when he received the trial court's opinion and order dismissing his request for relief.
¶ 5. In cases such as this where there are contradictory statements as to whether an appeal had been requested and whether the petitioner had been advised of his right to an appeal, the supreme court has held that the petitioner is entitled to an evidentiary hearing on the matter. Summerville v. State, 667 So.2d 14, 15 (Miss.1996); see also Wright v. State, 577 So.2d 387 (Miss.1991). The court in Wright stated that "[i]n order for a contested fact to require an evidentiary hearing it must be material." Id. at 390. We find that the proper disposition is to reverse and remand for an evidentiary hearing to determine whether Willis was informed of his right to appeal, whether Willis in fact requested an appeal, and whether the proper procedure was followed in filing his purported waiver of appeal.
IV. WAS WILLIS'S SENTENCE IMPROPER AND UNCONSTITUTIONAL?
¶ 6. In his fourth assignment of error, Willis argues that his sentence was improper and unconstitutional. Specifically, Willis argues that it was error for the court to order restitution for the victim's children and that it was also error for the court to banish him from Marion County. Pursuant to Mississippi Code Annotated Section 99-37-3 (Supp.2004), trial courts have the authority to order restitution to the victim. Furthermore, it is also acceptable to order the defendant to pay child support to the victim's children. Butler v. State, 544 So.2d 816, 823 (Miss.1989). Also, in Harris v. State, 757 So.2d 195 (Miss.2000), the supreme court found that failing to object to the imposition of a specific amount of restitution waives the argument for appellate consideration. Id. at (¶ 19); see also Powell v. State, 536 So.2d 13, 17 (Miss.1988). In the case at bar, Willis was informed in open court by the trial court of the restitution payments and responded with a "Yes, sir" when told he must make the payments. At no time did Willis object to the restitution requirement; thus, we find this issue to be without merit and affirm.
¶ 7. In regards to the issue of banishment, we find merit to Willis's argument. In his sentencing order, the trial court stated that Willis was not allowed to reside in Marion County. At no point did the trial court state any reasons for reaching this decision. In Cobb v. State, 437 So.2d 1218 (Miss.1983), the banishment provision was upheld because the trial court made an on-the-record finding of the benefits of banishing Cobb from a particular area. However, in Weaver v. State, 764 So.2d 479 (¶ 8) (Miss.Ct.App.2000), this Court reversed and remanded for the trial court to articulate on the record the benefits of Weaver's banishment. As the trial court in the case at bar did not articulate any reason or benefit for banishing Willis from Marion County, we reverse and remand for the trial court to do so.
¶ 8. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT DISMISSING POST-CONVICTION RELIEF IS AFFIRMED IN PART; REVERSED AND REMANDED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.