CARLTON, J.,
 

 for the Court.
 

 ¶ 1. Carl Dewayne Watts appeals the Forrest County Circuit Court’s dismissal of his motion for post-conviction relief. Watts was indicted as a habitual offender for the sale of cocaine. After pleading guilty, he received a thirty-year sentence. Watts’s sentence was suspended, provided that he comply with several conditions. Watts did not comply, and his suspended sentence was revoked. Aggrieved, he now appeals, asserting five separate alleged errors by the circuit court.
 

 FACTS
 

 ¶ 2. In September 2005, a Forrest County grand jury indicted Watts as a habitual offender for selling cocaine to a confidential informant. His indictment listed four previous felony convictions. He pleaded guilty on November 29, 2005, and was sentenced to a term of thirty years in the custody of the Mississippi Department of Corrections. His entire sentence was suspended, and several conditions were attached to the suspended sentence. At issue here is Watts’s banishment from the Hattiesburg area. The circuit judge ordered Watts to depart from Hattiesburg, Mississippi within forty-eight hours and to remain outside a radius of one hundred miles from the Forrest County Courthouse in Hattiesburg for the entire period of his suspended sentence.
 

 ¶ 3. On December 30, 2005, only one month after his guilty plea, Watts violated the terms of his suspended sentence by being in Hattiesburg. The State filed a petition to revoke his suspended sentence on January 3, 2006. Watts waived a formal hearing on his revocation. On January 6, 2006, the circuit court found that he had violated the terms of his suspended sentence and ordered him to serve the thirty-year sentence originally imposed.
 

 ¶ 4. On September 13, 2006, Watts filed his pro se motion to vacate his conviction and sentence, which he amended on January 11, 2007. The circuit court treated both his motions as a petition for post-conviction relief and summarily dismissed the petition. This appeal followed.
 

 ¶ 5. On appeal, Watts asserts the following assignments of error: (1) the circuit court committed plain error, in violation of his constitutional right to due process, when it imposed conditions on his thirty-
 
 *888
 
 year suspended sentence without placing him on probation under the supervision of the Mississippi Department of Corrections; (2) the thirty-year banishment provision imposed by the circuit court was statutorily unenforceable and illegal; (3) the thirty-year banishment provision violated his First, Fifth, and Fourteenth Amendment rights; (4) the circuit court violated his First, Fifth, and Fourteenth Amendment rights by imposing the thirty-year banishment provision without articulating on the record the reasons for and benefits of the banishment; and (5) the circuit judge violated the Mississippi Constitution, the Code of Judicial Conduct, and Watts’s constitutional rights; therefore, the circuit judge had no judicial authority to alter or amend his original sentence. Essentially, each of Watts’s arguments alleges that his sentence was illegal and acted as the incentive for his guilty plea. Further, Watts argued in his original post-conviction relief motion that he received ineffective assistance of counsel.
 

 DISCUSSION
 

 Standard of Review
 

 ¶ 6. We review the dismissal of a post-conviction relief petition for an abuse of discretion.
 
 Willis v.
 
 State, 904 So.2d 200, 201(¶ 3) (Miss.Ct.App.2005). For this Court to reverse the findings of the trial court, they must be clearly erroneous.
 
 Id.
 
 We review questions of law de novo.
 
 Ruff v. State,
 
 910 So.2d 1160, 1161(¶ 17) (Miss.Ct.App.2005).
 

 I. Whether Watts’s sentence was illegal.
 

 ¶ 7. Watts makes numerous arguments that the thirty-year suspended sentence he received was illegal. Watts argues that the promise of a suspended sentence was the inducement for him to plead guilty to the charge against him and that if he had known that the suspended sentence was illegal, he would not have pleaded guilty. Watts claims that his plea, therefore, was involuntary. Watts claims that under Mississippi Code Annotated section 47-7-33 (Rev.2004), he was ineligible for a suspended sentence and probation due to his prior felony convictions. The statute states, in part:
 

 When it appears to the satisfaction of any circuit court or county court in the State of Mississippi, having original jurisdiction over criminal actions, or to the judge thereof, that the ends of justice and the best interests of the public, as well as the defendant, will be served thereby, such court ... shall have the power, after conviction or a plea of guilty, except in a case where a death sentence or life imprisonment is the maximum penalty which may be imposed or
 
 where the defendant has been convicted of a felony on a previous occasion
 
 in any court or courts of the United States and of any state or territories thereof, to suspend the imposition or execution of sentence, and place the defendant on probation as herein provided....
 

 Miss.Code Ann. § 47-7-33(1) (emphasis added). The statute does prohibit convicted felons from receiving suspension and then being placed on probation. However, the statute does not prevent convicted felons from receiving a flat suspended sentence, “so long as the sentence does not involve a period of supervised probation and does not exceed the maximum penalty statutorily prescribed for the felony offense committed.”
 
 Johnson v. State,
 
 925 So.2d 86, 105(¶ 39) (Miss.2006). The conditions placed on Watts’s suspended sentence did not equate to Watts being placed on probation. Our supreme court explained the differences between probation and suspended sentences:
 

 [Wjhile both probation and the suspension of sentence involve the trial court’s
 
 *889
 

 discretionary
 
 and
 
 conditional
 
 release of a convict from the service of a sentence within the penal system, a probationary sentence is served under the supervision of probation officers, whereas a suspended sentence is served without such supervision, but
 
 on such legal terms and conditions as are required by the sentencing judge.
 

 Id.
 
 at 92(1112) (emphasis added). Further, “a suspension of a sentence does not automatically mean that the defendant will be on probation and under a duty to report to a probation officer. It simply means that part of his entire sentence has been postponed pending the defendant’s good behavior or such other conditions
 
 as the court may see fit to establish.” Id.
 
 at 93(1112) (emphasis added) (quoting
 
 Carter v. State,
 
 754 So.2d 1207, 1210-11 (Miss. 2000) (Mills, J., dissenting)). “[A] trial court may impose a suspended sentence for a term up to the maximum sentence allowed by law.”
 
 Id.
 
 The trial court retains the power to revoke the suspended sentence and impose the original prison term.
 
 Id.
 
 Thus, in Watts’s case, the suspended sentence of thirty years was not an illegal sentence, and his assertion that he was not eligible to receive a suspended sentence is without merit.
 

 ¶ 8. Moreover, the State argues in its brief that Watts should not be allowed to argue the legality of the sentence he requested only after he is unable to satisfy the conditions attached to the sentence, specifically the banishment provision. We agree. Because the suspended sentence did not prejudice Watts, he cannot now attack it. In
 
 Sweat v. State,
 
 912 So.2d 458, 461 (¶ 9) (Miss.2005), the supreme court stated:
 

 We have held that generally, where a convicted defendant receives an illegal sentence, the sentence must be vacated and the case remanded to the trial court for resentencing because the defendant suffered prejudice.
 
 See Robinson v. State,
 
 836 So.2d 747 (Miss.2002). The Court of Appeals has recently held that there is no prejudice suffered when a defendant receives an illegally lenient sentence.
 
 Edwards v. State,
 
 839 So.2d 578, 580-81 (Miss.Ct.App.2003). Further, when the error benefits the defendant in the form of a more lenient sentence, it is harmless error.
 
 Chancellor v. State,
 
 809 So.2d 700, 702 (Miss.Ct. App.2001). The law which relieves defendants from the burden of an illegal sentence applies to situations where the defendant is forced to suffer a greater sentence rather than the luxury of a lesser sentence.
 
 Id.
 

 ¶ 9. Had he been convicted at trial, Watts would have faced a maximum sentence of thirty years.
 
 See
 
 Miss.Code Ann. § 41 — 29—139(b)(1) (Rev.2005). Because he was indicted as a habitual offender, Watts would have received the maximum sentence. Mississippi Code Annotated section 99-19-81 (Rev.2007) states:
 

 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
 

 ¶ 10. Because he suffered no injury or prejudice from receiving a lawful, yet lenient, sentence, he is not entitled to any relief. Even if Watts’s sentence were considered unlawful, it would not have preju
 
 *890
 
 diced him. This Court has held that “[a] defendant should not be allowed to reap the benefits of an illegal sentence, which is lighter than what the legal sentence would have been, and then turn around and attack the legality of the illegal, lighter sentence when it serves his interest to do so.”
 
 Brooks v. State,
 
 919 So.2d 179, 181(¶7) (Miss.Ct.App.2005) (quoting
 
 Graves v. State,
 
 822 So.2d 1089, 1092(¶ 11) (Miss.Ct. App.2002)). This assignment of error is without merit.
 

 II. Whether Watts received ineffective assistance of counsel.
 

 ¶ 11. Watts asserted in his original motion for post-conviction relief that he received ineffective assistance of counsel. He claims that his attorney failed to advise him properly regarding the legality of the suspended sentence and the banishment.
 

 ¶ 12. “In order to prevail on the issue of whether his defense counsel’s performance was ineffective, [Watts] must prove that his counsel’s performance was deficient and that he was prejudiced by counsel’s mistakes.”
 
 Kinney v. State,
 
 737 So.2d 1038, 1041(¶ 8) (Miss.Ct.App.1999) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The test set forth in
 
 Strickland
 
 to determine whether the defendant has received ineffective assistance of counsel applies to challenges to guilty pleas as well.
 
 Id.
 
 (quoting
 
 Hill v. Lockhart,
 
 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Furthermore, “[t]here is a strong but re-buttable presumption that counsel’s conduct fell within the wide range of reasonable professional assistance.”
 
 Id.
 
 (citing
 
 Moody v. State,
 
 644 So.2d 451, 456 (Miss. 1994)).
 

 ¶ 13. Watts initialed the paragraph on his petition to enter a guilty plea that he was satisfied with the advice and help his attorney had provided. He acknowledged that his attorney advised him of the charges against him and the possible defenses, as well as the rights he waived by pleading guilty. We find no deficiency in Watts’s attorney bargaining for and obtaining a lenient sentence for Watts.
 

 ¶ 14. Even if Watts’s claims that his counsel’s performance was deficient were supported by the evidence, he still has not presented any evidence that he was prejudiced by what he perceives as his counsel’s deficiencies. Watts received a suspended sentence rather than the thirty-year sentence, which would have been imposed if he had been found guilty after trial. We find Watts’s claim of ineffective assistance of counsel to be without merit.
 

 ¶ 15. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
 

 LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. KING, C.J., AND IRVING, J., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.