MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. Ronnie Mackey appeals the Forrest County Circuit Court’s dismissal of his motion for post-conviction relief, asserting numerous errors. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. On March 22, 2007, Mackey pleaded guilty in the Circuit Court of Forrest County to one charge of transfer of a controlled substance and was sentenced to a term of thirty years in the custody of the Mississippi Department of Corrections. Mackey’s sentence was suspended upon certain conditions, one of which was that Mackey depart from Hattiesburg, Mississippi, within forty-eight hours and remain outside a radius of one hundred miles from the Forrest County Courthouse for the entire period of his suspended sentence. On March 30, 2007, only eight days later, Mackey was apprehended in Hattiesburg. The circuit court, finding that Mackey had violated the terms of his suspended sentence, revoked the suspension and imposed the full thirty-year sentence.
 

 ¶ 3. Mackey subsequently sought post-conviction relief in the circuit court, asserting that his March 30, 2007, arrest was illegal, that he was not afforded timely notice of the revocation hearing, that he received ineffective assistance of counsel prior to pleading guilty on March 22, 2007, and that his sentence was illegal. The circuit court dismissed Mackey’s motion without an evidentiary hearing. Mackey timely appealed to this Court.
 

 STANDARD OF REVIEW
 

 ¶ 4. This Court reviews the dismissal of a post-conviction relief motion for an abuse of discretion.
 
 Willis v. State,
 
 904 So.2d 200, 201(¶ 3) (Miss.Ct.App.2005). Questions of law, however, are reviewed de novo.
 
 Ruff v. State,
 
 910 So.2d 1160, 1161(¶ 7) (Miss.Ct.App.2005).
 

 
 *1195
 
 DISCUSSION
 

 ¶ 5. On appeal, Mackey asserts seventeen issues upon which he alleges the circuit court erred. We shall address the bases of Mackey’s appeal within the framework of the Mississippi Uniform Post-Conviction Collateral Relief Act.
 
 See
 
 Miss. Code Ann. § 99-39-5(1) (Rev.2007).
 

 I. Whether Mackey’s suspended sentence was unlawfully revoked.
 

 ¶ 6. Mackey argues that his March 80, 2007, arrest and subsequent detention were illegal. He also asserts that he was not afforded due process because he was not given an initial appearance, a preliminary hearing, or sufficient notice of the revocation hearing. Mackey has provided no evidence of these claims. Furthermore, these issues are without merit because he has never denied that he violated a condition of his suspended sentence, nor has he asserted that he has suffered any other prejudice from the alleged due process violations. The record instead reflects that at the revocation hearing, Mackey knew the accusation against him and admitted to the circuit court that he had violated the terms of his suspended sentence by remaining in Hattiesburg. Having violated the terms of his suspended sentence, Mackey was subject to legal arrest.
 
 See
 
 Miss.Code Ann. § 47-7-37 (Supp.2008). Furthermore, at the revocation hearing, the circuit court accepted Mackey’s explanation of why he stayed in Hattiesburg, but it was nonetheless within its discretion to deny his request for leniency.
 
 [1]
 
 This argument is without merit.
 

 II. Whether Mackey’s sentence was illegal.
 

 ¶ 7. Mackey asserts that his sentence was illegal because it included a thirty-year “banishment” provision. We have recently addressed a similar argument in
 
 Watts v. State,
 
 2007-CP-00708-COA, 1 So.3d 886 (Miss.Ct.App.2008) (¶ 8),
 
 cert. denied,
 
 2007-CT-00708-SCT, 999 So.2d 1280 (Miss.2009), where this Court held that a prisoner may not challenge the legality of a lenient suspended sentence only after he is unable to satisfy the conditions attached to that sentence.
 

 ¶ 8. Mississippi Code Annotated section 41 — 29—139(b)(1) (Rev.2005) provides that Mackey could have been sentenced to up to thirty years’ imprisonment and fined between $5,000 and $1,000,000 for the sale of a controlled substance. Mackey requested a suspended sentence. The record reflects that the conditions of the suspended sentence were clearly explained to Mackey, and the circuit court noted that Mackey “eagerly” accepted it. He therefore suffered no prejudice from the lawful, yet lenient, sentence he received. Even if the sentence were unlawful, it would not have prejudiced him. Mackey may not now attack the legality of the sentence he requested after violating its conditions. This argument is without merit.
 

 III.Whether Mackey received ineffective assistance of counsel.
 

 ¶ 9. Mackey asserts that he received ineffective assistance of counsel because his attorney advised him to accept the State’s plea offer which included a thirty-year “banishment” provision. He also asserts that his counsel’s performance was ineffective in failing to provide input or guidance in the proceedings.
 

 ¶ 10. “In order to prevail on the issue of whether his defense counsel’s performance was ineffective, [the petitioner] must prove that his counsel’s performance was deficient and that he was prejudiced by
 
 *1196
 
 counsel’s mistakes.”
 
 Kinney v. State,
 
 737 So.2d 1038, 1041(¶ 8) (Miss.Ct.App.1999) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “There is a strong but rebuttable presumption that counsel’s conduct fell within the wide range of reasonable professional assistance.”
 
 Id.
 
 (citing
 
 Moody v. State,
 
 644 So.2d 451, 456 (Miss.1994)).
 

 ¶ 11. In entering his guilty plea, Mackey stated to the circuit court that he was satisfied with the services of his attorney and that he felt his attorney had properly advised him. Mackey further stated that he felt his attorney had properly represented him in the case. We find no deficiency in Mackey’s attorney bargaining for and obtaining a lenient sentence.
 

 ¶ 12. Even if the evidence supported Mackey’s claims that his counsel’s performance was deficient, he has not presented any evidence of prejudice. The record instead reflects that Mackey was indicted for two counts of sale of a controlled substance, but he was allowed to plead guilty to only one count, for which he received a suspended sentence. Mackey could have received thirty years’ imprisonment on each count. This assignment of error is without merit.
 

 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
 

 LEE, P.J., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. KING, C.J., AND IRVING, J., CONCUR IN RESULT ONLY.
 

 [1]
 

 . Mackey stated at the revocation hearing that his departure was delayed by two days because he was not released from jail until March 24, 2007. The circuit court accepted Mackey's assertions and found some delay excusable, but Mackey offered no clear explanation of why he had remained for an additional six days before being arrested.