MAXWELL, J.,
 

 for the Court.
 

 ¶ 1. Charles Means filed a second pro se motion for post-conviction relief (PCR) in the Circuit Court of Forrest County. Finding that Means’s appeal is both procedurally barred and without merit, we affirm. .
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 ¶ 2. On November 1, 2005, Means pled guilty in the Circuit Court of Forrest County to one count of possession of a controlled substance with intent to distribute. He was sentenced to a term of twenty-five years in the custody of the Mississippi Department of Corrections (MDOC). His sentence was then suspended by the trial court provided he comply with several conditions, including that he remain 100 miles away from the Forrest County Courthouse for the entire period of the suspended sentence.
 

 ¶ 3. Less than four months later, on February 24, 2006, Means was found in Hattiesburg, Mississippi, within 100 miles of the Forrest County Courthouse. Means confessed the violation of his conditions, and on March 13, 2006, the trial court revoked his suspended sentence and sentenced him to twenty-five years in the custody of the MDOC. On February 7, 2007, Means filed his first PCR motion,
 
 *463
 
 alleging his attorney misrepresented the sentence he would receive. However, Means did not attack the banishment provision, the revocation, or the imposition of the twenty-five-year sentence. The trial court summarily dismissed his first PCR motion, and Means did not appeal the dismissal.
 

 ¶ 4. On March 18, 2008, Means filed another PCR motion with the trial court. In this second motion, he sought “to vacate the illegal sentence and unauthorized revocation.” Means claimed the trial court lacked authority to order him to stay 100 miles away from the Forrest County Courthouse for the period of the suspended sentence and also contended the trial court was limited to imposing a five-year term of post-release supervision. On June 4, 2008, the trial court summarily dismissed Means’s second PCR motion as being proeedurally barred, pursuant to Mississippi Code Annotated section 99-39-21(1) (Rev.2007), finding that Means failed to raise this issue in his first PCR motion. The trial court also found that the second PCR motion was a successive writ, which was barred pursuant to Mississippi Code Annotated section 99-39-23(6) (Supp.2008).
 

 STANDARD OF REVIEW
 

 ¶ 5. The trial court may summarily dismiss a PCR motion “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Rev.2007). “On appeal, this Court will affirm the summary dismissal of a PCR petition if the petitioner has failed to demonstrate ‘a claim proeedurally alive substantially showing the denial of a state or federal right....’”
 
 Flowers v. State,
 
 978 So.2d 1281, 1283(¶5) (Miss.Ct.App.2008) (citing
 
 Young v. State,
 
 731 So.2d 1120, 1122(¶ 9) (Miss.1999)). We will not disturb a trial court’s dismissal of a motion for post-conviction relief unless it was clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). However, we review questions of law de novo.
 
 Johnson v. State,
 
 962 So.2d 87, 89(¶ 8) (Miss.Ct.App.2007).
 

 ANALYSIS
 

 I. Waiver
 

 ¶ 6. Mississippi Code Annotated section 99-39-21(1) makes clear that: “[fjailure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal ... shall constitute a waiver thereof and shall be proeedurally barred.” Here, Means failed to raise any issues about his sentence at his sentencing hearing, so he is prohibited from doing so now on appeal.
 

 II. Successive Writ
 

 ¶ 7. In addition to the procedural bar due to waiver discussed in Issue I, we also find that the trial court properly dismissed Means’s second PCR motion as a successive writ. Mississippi Code Annotated section 99-39-23(6) provides that: “any order dismissing the prisoner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” The statute provides exceptions for “cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.”
 
 Id.
 
 It is the burden of the defendant to prove by a preponderance of the evidence that his claim is not barred as a successive writ.
 
 Carbin v. State,
 
 942 So.2d 231, 233(¶ 9) (Miss.Ct.App.2006), cert.
 
 denied, Carbin v. Mississippi,
 
 550 U.S. 971, 127 S.Ct. 2880, 167 L.Ed.2d 1157 (2007).
 

 
 *464
 
 ¶ 8. Means fails to show that his sentence was unlawfully revoked. Therefore, we find that the successive-writ bar also applies to Means’s PCR motion.
 

 III. The Banishment Provision and Means’s Sentence
 

 ¶9. Not only are Means’s claims raised in his second PCR motion procedurally barred for the reasons discussed in Issues I and II, we also find they are without merit. First, we note that although the practice of banishing defendants from an entire state has been held to be improper on public policy grounds,
 
 See McCreary v. State,
 
 582 So.2d 425, 427-28 (Miss.1991);
 
 United States v. Abushaar,
 
 761 F.2d 954, 959-60 (3d. Cir.1985), Mississippi appellate courts have previously affirmed orders of banishment from smaller geographical areas similar in size to the 100 mile area at issue. In
 
 Cobb v. State,
 
 437 So.2d 1218, 1219-21 (Miss.1983), the supreme court affirmed a sentence requiring a defendant to stay at least 125 miles away from Stone County, Mississippi.
 
 See also, Watts v. State,
 
 1 So.3d 886, 887, 889-90 (¶¶2, 10) (Miss.Ct.App.2008) (on appeal from the dismissal of a post-conviction relief motion, the banishment provision of the sentence to remain 100 miles from the Forrest County Courthouse was found to be a legal sentence).
 

 ¶ 10. In
 
 Cobb,
 
 the supreme court examined a banishment provision in connection with Mississippi Code Annotated section 47-7-35(g) (Supp.1982), which authorized trial courts to order a probationer to “[r]emain within a specified area.”
 
 Cobb,
 
 437 So.2d at 1219. In affirming the banishment provision, the
 
 Cobb
 
 court found the conditions imposed by the sentencing court “were reasonably related to Cobb’s circumstances and his intended rehabilitation.”
 
 Id.
 
 at 1220. The supreme court also made clear that “probation is not intended to be without some pain and inconvenience to the probationer. Some amount of punitive aspects of probation serve the public interest as well as the probationer’s interest.”
 
 Id.
 
 at 1221. “Instead of being a matter of right, it is by grace that probation is granted a defendant, and within his sound judicial discretion the trial judge may fix reasonable conditions of parole and probation.”
 
 Id.
 
 (citation omitted).
 

 ¶ 11. Here, the trial court followed
 
 Cobb’s
 
 instruction and made findings that Means’s banishment from Forrest County bore “a reasonable relationship to the purposes of the suspended sentence or probation, that the ends of justice and the best interest of the public and the Defendant will be served by such banishment during the period of the suspended sentence.” Therefore, we cannot find that the trial court erred in fashioning this form of punishment as part of Means’s sentence.
 

 ¶ 12. Means’s complaint about the length of the term of his suspended sentence is also unfounded. The supreme court has held that trial courts have the discretion to impose a suspended sentence equal to but not more than the term of the original sentence.
 
 Johnson v. State,
 
 925 So.2d 86, 103(¶ 32) (Miss.2006);
 
 see also, Miller v. State,
 
 875 So.2d 194, 200(¶ 11) (Miss.2004). Means was charged under Mississippi Code Annotated section 41-29-139(b)(1) (Rev.2005), which carries a maximum statutory penalty of thirty years’ imprisonment. Accordingly, the trial court did not err in imposing a twenty-five year suspended sentence.
 

 ¶ 13. Finally, Means’s arguments about the legality of his sentence are similar to those we recently rejected in
 
 Mack-ey
 
 and
 
 Watts. Mackey v. State,
 
 37 So.3d 1193, 1195(¶8) (Miss.Ct.App.2009);
 
 Watts,
 
 1 So.3d at 887-88(¶ 5). In
 
 Mackey
 
 and
 
 Watts,
 
 we held that defendants who were
 
 *465
 
 unable to comply with lenient suspended sentences, which contained banishment provisions requiring them to remain outside of a 100-mile radius of the Forrest County Courthouse, were prohibited from later attacking the legality of the lenient suspended sentences.
 
 Mackey,
 
 No.2007CP-01785-COA (¶¶ 2, 8);
 
 Watts,
 
 1 So.3d at 889 — 90(¶ 10).
 
 [1]
 
 Because the length of Means’s suspended sentence was less than the maximum sentence of thirty years’ imprisonment he faced under Mississippi Code Annotated section 41-29-139, he is now prohibited from turning around and attacking the legality of the lighter sentence even if we were to find the sentence to be unlawful.
 

 ¶ 14. For the reasons stated herein, we affirm the trial court’s dismissal of Means’s second PCR motion.
 

 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
 

 LEE AND MYERS, P.JJ., GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN PART AND IN THE RESULT. KING, C.J., AND BARNES, J, CONCUR IN RESULT ONLY.
 

 [1]
 

 . Ronnie Mackey and Carl Watts were also caught in Hattiesburg, within 100 miles of the Forrest County Courthouse, and both defendants’ thirty-year suspended sentences were revoked.
 
 Mackey,
 
 No.2007-CP-01785-COA (¶¶ 2, 8);
 
 Watts,
 
 1 So.3d at 889-90(¶ 10).