LEE, P.J.,
 

 for the Court.
 

 PROCEDURAL HISTORY
 

 ¶ 1. Gail Lee Burris pleaded guilty in the Circuit Court of Lawrence County to possession of less than .8 gram of cocaine. Burris was sentenced to sixteen years in the custody of the Mississippi Department of Corrections, with four of those years suspended, and to pay a fine of $3,000. Burris filed a motion for post-conviction relief with the trial court, which was dismissed.
 

 ¶ 2. Burris now appeals the dismissal of his motion for post-conviction relief, asserting the following issues: (1) his sentence was erroneously enhanced based on a prior misdemeanor offense; (2) he received ineffective assistance of counsel; and (3) he was denied due process of law because the trial court failed to advise him that his sentence could be appealed separately from his plea of guilty. Finding no error, we affirm the trial court’s dismissal of Burris’s motion for post-conviction relief.
 

 STANDARD OF REVIEW
 

 ¶ 3. We review the dismissal of a post-conviction-relief petition for an abuse of discretion.
 
 Watts v. State,
 
 1 So.3d 886, 888(¶ 6) (Miss.Ct.App.2008) (citing
 
 Willis v. State,
 
 904 So.2d 200, 201(¶ 3) (Miss.Ct.App.2005)). Questions of law, however, are reviewed de novo.
 
 Ruff v. State,
 
 910 So.2d 1160, 1161(¶ 7) (Miss.Ct.App.2005).
 

 DISCUSSION
 

 I. SENTENCE ENHANCEMENT
 

 ¶ 4. Burris was indicted as a habitual offender for the sale or transfer of .8 gram of cocaine within 1,500 feet of a school. Miss.Code Ann. § 41-29-139(a)(l) (Rev. 2005). At his plea hearing, Burris’s indictment was amended to reflect a reduced charge of possession of .8 gram of cocaine. His habitual offender status was changed to reflect the sentence enhancement under Mississippi Code Annotated section 41-29-147 (Rev.2005) for being a second or subsequent offender. Burris argues that the sentence enhancement was in error because it was based on a prior misdemeanor rather than a prior felony.
 

 
 *323
 
 ¶ 5. The statute under which Burris was sentenced, section 41-29-147, states:
 

 Except as otherwise provided in Section 41-29-142, any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
 

 For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs.
 

 ¶ 6. Section 41-29-147 permits a doubling of the sentence where it can be shown that a defendant has prior drug offenses, regardless of whether the prior offenses are felonies or misdemeanors.
 
 See Alexander v. State,
 
 875 So.2d 261, 272 (¶¶ 46-47) (Miss.Ct.App.2004) (finding that three prior misdemeanor convictions were sufficient to allow doubling of the sentence under section 41-29-147). The State showed that Burris had a prior misdemeanor conviction in the Circuit Court of Lawrence County of possession of less than .1 gram of cocaine.
 

 ¶ 7. The applicable sentencing range for Burris’s second offense was between a minimum of four years and a maximum of sixteen years with a fine of up to $100,000. Miss.Code Ann. § 41 — 29—139(c)(1)(B) (Rev. 2005) and § 41-29-147. The trial court’s sentence of sixteen years, with twelve years to serve and four years suspended on post-release supervision, and $3,000 in fines was within the sentencing guidelines. Therefore, we find that this issue is without merit.
 

 II. INEFFECTIVE ASSISTANCE OF COUNSEL
 

 ¶ 8. Burris argues his counsel was ineffective for advising him to plead guilty to an enhanced sentence based on a prior misdemeanor conviction, rather than a felony conviction.
 

 ¶ 9. “In order to prevail on the issue of whether his defense counsel’s performance was ineffective, [the petitioner] must prove that his counsel’s performance was deficient and that he was prejudiced by counsel’s mistakes.”
 
 Kinney v. State,
 
 737 So.2d 1038, 1041(¶ 8) (Miss.Ct.App.1999) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).
 

 ¶ 10. As discussed in issue one, section 41-29-147 permits the doubling of a sentence where a defendant has a prior misdemeanor drug offense. Therefore, we find that Burris’s attorney was not ineffective for failing to object to the sentence enhancement. This issue is without merit.
 

 III. INSTRUCTIONS BY THE TRIAL COURT
 

 ¶ 11. In his final issue on appeal, Burris argues that he was denied due process of law because the trial court failed to advise him of how to appeal his sentence independent of his guilty plea.
 

 ¶ 12. Uniform Rule of Circuit and County Court 8.04(a)-(e) states the following advice a trial court is required to give a defendant:
 

 Advice to the Defendant.
 
 When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
 

 a. That the accused is competent to understand the nature of the charge;
 

 
 *324
 
 b. That the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law;
 

 c. That the accused understands that by pleading guilty (s)he waives his/her constitutional rights of trial by jury, the right to confront and cross-examine adverse witnesses, and the right against self-incrimination; if the accused is not represented by an attorney, that (s)he is aware of his/her right to an attorney at every stage of the proceeding and that one will be appointed to represent him/her if (s)he is indigent.
 

 ¶ 13. While Burris is correct that he had the right to appeal his sentence, the rules regarding the advice the trial court was under a duty to give Burris do not require an explanation of the appeals process. “[0]ur law has never required a trial judge to inform a criminal defendant about the right to appeal directly the sentence received based on a guilty plea.”
 
 Burrough v. State,
 
 9 So.3d 368, 374(¶ 20) (Miss.2009) (citing
 
 Coleman v. State,
 
 979 So.2d 731, 733(¶ 4) (Miss.Ct.App.2008)). Therefore, we find that this issue is without merit.
 

 ¶ 14. THE JUDGMENT OF THE LAWRENCE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAWRENCE COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.