LEE, P.J.,
 

 for the Court.
 

 MODIFIED OPINION ON MOTION FOR REHEARING
 

 ¶ 1. Rehearing was granted on the Court’s own motion. The original opinion is withdrawn, and this opinion is substituted in its place.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶2. Brooks Barnes was found guilty in the Circuit Court of Oktibbeha County of child fondling. He was sentenced to serve ten years in the custody of the Mississippi Department of Corrections and five years of post-release supervision. Barnes appealed, and his conviction and sentence were affirmed by this Court.
 
 Barnes v. State,
 
 906 So.2d 16, 23(¶ 27) (Miss.Ct.App.2004). Barnes filed a motion for post-conviction relief with the trial court. After
 
 *1157
 
 an evidentiary hearing, the trial court dismissed his motion.
 

 ¶ 3. Barnes now appeals the dismissal of his motion for post-conviction relief, asserting the following issues: (1) the expert witness should have been disqualified because his license was revoked after the trial for falsifying the results of other child abuse cases, and (2) he received ineffective assistance of counsel. Finding no error, we affirm the trial court’s dismissal of Barnes’s motion for post-conviction relief.
 

 STANDARD OF REVIEW
 

 ¶ 4. We review the dismissal of a post-conviction-relief petition for an abuse of discretion. Watts
 
 v. State,
 
 1 So.3d 886, 888(¶ 6) (Miss.Ct.App.2008) (citing
 
 Willis v. State,
 
 904 So.2d 200, 201(¶ 3) (Miss.Ct.App.2005)). Questions of law, however, are reviewed de novo.
 
 Ruff v. State,
 
 910 So.2d 1160, 1161(¶ 7) (Miss.Ct.App.2005).
 

 DISCUSSION
 

 I. COMPETENCE OF EXPERT WITNESS
 

 ¶ 5. At trial, Paul Davey, a child psychologist, testified on behalf of the State as to his interview with Brandi Love, Barnes’s six-year-old niece.
 
 [1]
 
 In her interview with Davey, Brandi told Davey that Barnes had fondled her. Davey testified that Brandi described sexually-graphic acts that, in his opinion, were beyond the typical knowledge of a six-year-old child. Approximately a year after Barnes’s trial, Davey’s licence to practice child psychology was revoked for falsifying evidence. Specifically, Davey testified in court in an unrelated case regarding a test he never administered. The licensing board found that he gave a false evaluation by “manufacturing test results and drawing conclusions based on non-existent testing.”
 

 ¶ 6. Barnes argues that he should be granted a new trial because the evidence at his post-conviction-relief hearing revealed serious doubts concerning the credibility of Davey’s testimony. Barnes’s trial began on January 4, 2003, and the jury returned a verdict on January 6, 2003. Davey’s license was revoked on March 3, 2004, for matters unrelated to his services rendered for Barnes’s trial. No allegation is made that Davey gave false information in Barnes’s trial. We agree with Barnes that Davey’s actions leading to the revocation of his license put his credibility into question. However, this is not a case where the jury solely relied on the testimony of the expert witness. Brandi, who was eight years old at the time of trial, testified that Barnes showed her pornography, exposed his penis to her, masturbated in front of her, and licked and touched her genitals.
 

 ¶ 7. We note that “[t]he testimony of a single uncorroborated witness is sufficient to sustain a conviction.”
 
 Williams v. State,
 
 512 So.2d 666, 670 (Miss.1987). Therefore, Brandi’s testimony alone was sufficient to convict Barnes. Furthermore, “[mjatters regarding the weight and credibility of the evidence are to be resolved by the jury.”
 
 Jones v. State,
 
 856 So.2d 389, 392(¶ 3) (Miss.Ct.App. 2003) (quoting
 
 Muscolino v. State,
 
 803 So.2d 1240, 1243(¶ 10) (Miss.Ct.App.2002)). Therefore, we find that this issue is without merit.
 

 II. INEFFECTIVE ASSISTANCE OF COUNSEL
 

 ¶ 8. Barnes argues that his trial counsel was ineffective for failing to call
 
 *1158
 
 Dr. Joseph Morris, M.D., a licensed psychologist, to testify on his behalf. Barnes asserts that Dr. Morris would have testified that Barnes did not have the psychological profile of a pedophile. Barnes’s counsel testified at the post-conviction-relief hearing that he did not call Dr. Morris as an expert witness because he believed Dr. Morris’s testimony did not fall within the standards set by
 
 Daubert v. Merrell Dow Pharmaceuticals, Inc.,
 
 509 U.S. 579, 590, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
 

 ¶ 9. “In order to prevail on the issue of whether his defense counsel’s performance was ineffective, [the petitioner] must prove that his counsel’s performance was deficient and that he was prejudiced by counsel’s mistakes.”
 
 Kinney v. State,
 
 737 So.2d 1038, 1041(¶8) (Miss.Ct.App. 1999) (citing
 
 Strickland v. Washington,
 
 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). “There is a strong but rebuttable presumption that counsel’s conduct fell within the wide range of reasonable professional assistance.”
 
 Id.
 
 (citing
 
 Moody v. State,
 
 644 So.2d 451, 456 (Miss.1994)).
 

 ¶ 10. Barnes’s trial counsel, Michael Farrow, testified at the evidentiary hearing that Dr. Morris was hired by Barnes’s mother to review Davey’s report and to assist in the selection of the jury. Farrow testified as follows regarding his reason for not presenting Dr. Morris to the jury:
 

 It had never been recognized by courts as there being a profile for a non-pedophile, if you will, nor any expert testimony that I ever found that could be offered to show that he acted in conformity with that characteristic of not being a pedophile.... On several different levels, I didn’t find there to be any basis for the admissibility of that testimony. I wish I was wrong, but I still believe that that’s the case. But I saw no basis for getting that evidence in front of the jury.
 

 Farrow also testified that Dr. Morris stated to him that after hearing Davey’s testimony, he did not have any evidence to contradict Davey’s testimony or his methodology.
 

 ¶ 11. “Counsel’s choice of whether or not to ... call certain witnesses ... fall[s] within the ambit of trial strategy.”
 
 Scott v. State,
 
 742 So.2d 1190, 1196(1114) (Miss.Ct.App.1999) (citing
 
 Cole v. State,
 
 666 So.2d 767, 777 (Miss.1995)). This Court rarely second guesses trial counsel regarding matters of trial strategy.
 
 Shorter v. State,
 
 946 So.2d 815, 819(¶ 15) (Miss.Ct.App.2007). The decision of whether or not to allow Dr. Morris to testify was a matter of trial strategy, which we leave to the discretion of counsel at trial. At the hearing, Farrow gave legitimate reasons for not calling Dr. Morris to testify. Therefore, we find that Farrow was not ineffective based on his decision not to call Dr. Morris as a witness.
 

 ¶ 12. Further, even if we were to find that his trial counsel was deficient, Barnes has failed to satisfy the second prong of
 
 Strickland,
 
 which requires a showing that his counsel’s deficient performance prejudiced his defense.
 
 Strickland,
 
 466 U.S. at 687-96, 104 S.Ct. 2052. To satisfy this part of the test, Barnes would have to show “a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.”
 
 Ransom v. State,
 
 919 So.2d 887, 890(¶ 12) (Miss.2005) (quoting
 
 Foster v. State,
 
 687 So.2d 1124, 1130 (Miss.1996)). We find that Barnes has not shown that his defense was prejudiced in any way. Therefore, we find that this issue is without merit.
 

 
 *1159
 
 ¶ 18. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 . This Court declines to identify victims of child fondling. In the interest of the child’s privacy, the minor’s name has been replaced with a fictitious name.