RANDOLPH, Justice,
dissenting.
¶ 34. “When reviewing a lower court’s decision to deny a petition for post conviction relief this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Brown v. State, 731 So.2d 595, 598 (Miss.1999) (citing Bank of Miss. v. Southern Mem’l Park, Inc., 677 So.2d 186, 191 (Miss.1996)) (emphasis added). Despite that deferential standard of review, the Majority reverses and remands, relying solely upon Means’s petition, while confessing the record before us is incomplete. See Maj. Op. at ¶¶1, 25, 27-28. In so ruling, the Majority spurns our caselaw and rules, embraces Means’s plea without support, and disregards Means’s failure to include in the record all relevant evidence.
¶ 35. All can agree that Cobb[2] and McCreary[3] mandate that the trial court may not banish a person convicted of a crime unless the record reveals reasons for the banishment. However, Cobb did not hold that a formal “on-the-record” finding by the trial court was required. Cobb specifically held that we would look to “the record as made and presented,” to determine if “the conditions imposed by the sentencing judge were reasonably related to [the defendant’s] circumstances and his intended rehabilitation.” Cobb, 437 So.2d at 1220 (emphasis added). “In Cobb, the Court satisfied itself from the record that the banishment provision bore a reasonable relationship to the purpose of probation.... ” McCreary, 582 So.2d at 427 (emphasis added). To insist that Cobb and McCreary explicitly require an “on the record” finding is not only inaccurate, but also misleading. See Maj. Op. at ¶¶ 13, 21. To paraphrase the analysis of Justice Oliver Wendell Holmes, the Majority fails “to avoid extraction from the very general language of’ Cobb and McCreary a “delusive exactness.” Louisville & Nashville R.R. Co. v. Barber Asphalt Paving Co., 197 U.S. 430, 434, 25 S.Ct. 466, 467, 49 L.Ed. 819 (1905). Moreover, today’s Majority equivocates on this point, acknowledging elsewhere that “[o]ur decisions in Cobb and McCreary do not necessarily place an affirmative duty on the trial judge to articulate the Cobb factors on the record.” Maj. Op. at ¶ 20 (emphasis added). It is only this Court’s recent pronouncement in Mackey v. State, 37 So.3d 1161, 1166-67 (Miss.2010), inaccurately stating that Cobb and McCreary imposed such a requirement (when a plain reading of either reveals an absence of such) which “imposes an affirmative duty on the trial court to articulate, on the record, the Cobb factors....”[4] Maj. Op. at ¶¶ 21, 29. See Mackey, 37 So.3d at 1165 (citing Weaver v. State, 764 So.2d 479, 480-81 (Miss.Ct.App.2000), for the proposition that Cobb and McCreary require “on the record” articulation of the Cobb factors by the trial court).
¶ 36. Returning to what all can agree upon, “[t]he only place in the record before us where the trial court ... address[ed] the Cobb factors [was] in the sentencing order.” (Maj. Op. at ¶ 25) (emphasis added). But in reversing and remanding, the Majority offers dubitable justification for *449 avoiding our well-settled rules, which place the responsibility squarely upon Means to provide this Court with a sufficient record on appeal to determine if he has been wronged.
¶ 37. “[I]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.” Miss. R. App. P. 10(b)(2) (emphasis added). See also Dickey v. State, 819 So.2d 1253, 1257 (Miss.2002) (citing Burns v. State, 729 So.2d 203, 212 (Miss.1998)) (“[i]t is the responsibility of the appellant to provide an accurate account of the proceedings in accordance with Rule 10 of the Mississippi Rules of Appellate Procedure.”). The Majority acknowledges this rule. See Maj. Op. at ¶ 28. In the absence of evidence otherwise:
“there is a presumption that the judgment of the trial court is correct and the burden is on the Appellant to demonstrate some reversible error to this Court.” Acker v. State, 797 So.2d 966, 971 (Miss.2001) (quoting Branch v. State, 347 So.2d 957, 958 (Miss.1977)). “We have stated many times that it is the duty of the appellant to present a record ... which is sufficient to support his assignments of error.” Acker, 797 So.2d at 971 (quoting Peterson v. State, 518 So.2d 632, 638 (Miss.1987)) (citations omitted).
Juarez v. State, 965 So.2d 1061, 1065-66 (Miss.2007) (emphasis added). See also Beamon v. State, 9 So.3d 376, 379-80 (Miss.2009). The Majority also acknowledges this principle, see Maj. Op. at ¶ 28, which the Court of Appeals correctly followed in concluding from the “Order of Conviction” that “we cannot find ... the trial court erred in fashioning this form of punishment as part of Means’s sentence.” Means v. State, 43 So.3d 461, 464 (Miss.Ct.App.2009). After the Majority declares that “Means is responsible for designating the record ... in a manner sufficient to allow this Court to review his asserted issues!,]” and that “in the absence of anything in the record to the contrary ... we must presume that the trial court acted properly!;]” the Majority mystically concludes that “the absence itself” of that which is required is error. Maj. Op. at ¶¶ 28, 29. This conclusion defies the declaration placing responsibility upon Means to provide a recognizable basis for declaring the trial court in error. If a civil litigant appeals a judgment asserting erroneous evidentiary rulings at trial, but fails to include the trial transcript in the appellate record, the aforementioned “presumption that the judgment of the trial court is correct” prevails. Juarez, 965 So.2d at 1065-66. The same presumption controls if a criminal defendant challenges a sentencing order on appeal, but fails to include said order in the appellate record. So what makes Means’s case the exception? To this critical query, the Majority fails to articulate a response.
¶ 38. The transcript of the guilty plea hearing and/or sentencing hearing, or perhaps other evidence, would offer “evidence relevant to” the trial court’s reasoning in imposing the banishment condition. Miss. R.App. P. 10(b)(2). But since Means failed to present such evidence in the appellate record, I submit this Court should honor “the presumption that the judgment of the trial court was correct [and] must prevail.” Juarez, 965 So.2d at 1066.
¶ 39. Alternatively, this Court could follow the precedent of Miller v. R.B. Wall Oil, Co., Inc., 970 So.2d 127 (Miss.2007), and order Means “to supplement the record with all documents designated, but not included in the appellate record[,]” permit him time to comply and properly recertify *450 the record under Mississippi Rule of Appellate Procedure 10(b)(5), and then we could “proceed with a review .of the case.” Id. at 131. This course would avoid jettisoning our rules and ignoring our precedent in holding the trial court in error for Means’s shortcomings.
¶ 40. Means failed to fulfill a minimal obligation of furnishing to this Court a sufficient record to support his plea. On the record presented,[5] one cannot judiciously conclude that the trial court’s denial of Means’s second PCR petition was “clearly erroneous.” Brown, 731 So.2d at 598. Thus, a procedural due-process analysis is, minimally premature, if not fully nullified. The procedural bars of Mississippi Code Sections 99-39-21(1) and 99-39-23(6) applied by both the trial court and the Court of Appeals should control the disposition of this case. See Means, 43 So.3d at 463-64. Therefore, I respectfully dissent.
PIERCE, J., JOINS THIS OPINION.

. See Cobb v. State, 437 So.2d 1218 (Miss.1983).

. See McCreary v. State, 582 So.2d 425 (Miss.1991).

.Mackey likewise equivocated, finding that the record itself failed to provide "any scrap of evidence” to support Mackey’s banishment. Mackey, 37 So.3d at 1166. I note that this finding was contrary to the evidence otherwise. See id. at 1169 (Randolph, J., dissenting).

. This record includes an "Order of Conviction” that generally addresses each of the Cobb factors in imposing the banishment condition, see Means, 43 So.3d at 464-65, and fails to include the transcript of the guilty plea hearing and/or sentencing hearing, or perhaps other relevant evidence.