RANDOLPH, Justice,
dissenting.
¶ 29. On the record presented, I cannot join the Majority in finding that the trial court abused its discretion in including a banishment condition in its sentencing order. However, even if one were to assume arguendo that the banishment condition, as part of Mackey’s suspended sentence, is ipso jure illegal, the Majority errs by rendering a modified sentence, as opposed to vacating the guilty plea. We are not told how a defendant can knowingly, intelligently, and voluntarily plead guilty to an illegal or unlawful condition of a sentence. If illegal or unlawful, Mackey should be accorded the relief requested in his post-conviction-relief motion, that “he and the State should be returned to the positions they were in before the plea agreement was entered, as his plea was involuntary.” Therefore, I respectfully dissent.
I.
¶ 30. Before this Court reverses the revocation order, it should ascertain whether the banishment condition of Mackey’s suspended sentence, contained within the sentencing order, “was unreasonable, arbitrary, or in any sense violated public policy or [the trial court’s] authority under the pertinent statutes.” Cobb v. State, 437 So.2d 1218, 1221 (Miss.1983). No statute “prevents convicted felons from receiving a flat suspended sentence, ‘so long as the sentence does not involve a period of supervised probation and does not exceed the maximum penalty statutorily prescribed for the felony offense committed.’ ” Watts v. State, 1 So.3d 886, 888 (Miss.Ct.App.2008), cert. denied, 999 So.2d 1280 (Miss.2009) (quoting Johnson v. State, 925 So.2d 86, 105 (Miss.2006)). The Cobb Court stated that it would look to “the record as made and presented,” to determine if “the conditions imposed by the sentencing judge were reasonably related to [the defendant’s] circumstances and his intended rehabilitation.” Id. at 1220 (emphasis added). See also McCreary v. State, 582 So.2d 425, 427 (Miss.1991) (“[i]n Cobb, the Court satisfied itself jrom the record that the banishment provision bore a reasonable relationship to the purpose of probation ....”) (emphasis added).[5] The Cobb standard is satisfied in the case sub judice. The sentencing order at issue stated that “the ends of justice and the best interest of the public and [Mackey] ... [are] best served,” by requiring, inter alia, the following “good behavior” in an effort to rehabilitate Mackey:
(a) Commit no offense against the laws of this or any other state ...;
(b) Avoid injurious or vicious habits and persons and places of disreputable or harmful character;
(c) Work faithfully at suitable employment so far as possible;
*1169 (d) Support his dependents ...;
(e) Possess or consume no alcoholic- beverages or mood altering drugs....
If the banishment condition bears a reasonable relationship to Mackey’s circumstances and intended rehabilitation, then there is no basis for this Court to reverse either the circuit court or the Court of Appeals. These conditions were not accorded to Mackey as “a matter of right,” but by “grace” in the “sound judicial discretion [of] the trial judge.... ” Cobb, 437 So.2d at 1221. Obviously, the best interest of Mackey and the public is served by Mackey accepting the responsibility of supporting his family, while engaged in gainful employment. I fail to appreciate that the best interest of the public is served by the Majority’s disposition, which results in no jail time (other than time served), to a person who was indicted on two counts for the sale of controlled substances, and one count of receipt of stolen property;[6] or, alternatively, how the best interest of the public would not be served by Mackey taking a job and supporting his wife and son. The record also indicates that Mackey is no stranger to the Forrest County Circuit Court, where he also was convicted of grand larceny in 1996. As long as the conditions were reasonable under the circumstances, they should be upheld. I conclude that they satisfy the standards imposed by Cobb.
¶ 31. Contrary to the Majority’s assertion that the record contains no “scrap of evidence available to the trial court in reaching it decision to banish Mackey[,]” the record reflects fairly debatable bases for imposition of the banishment condition, which supports the best interest of justice and Mackey. (Maj. Op. at ¶ 21). Mackey swore in open court that he (1) was going to Minnesota (more than 100 miles from Hattiesburg), where he (2) could take care of his wife and son who lived in St. Louis Park, Minnesota, (8) had a job in Minneapolis, Minnesota, and (4) could continue with his life and try to better himself and his conditions.
¶ 32. The record is patently clear that the petitioner’s wife lived in Minnesota, his child lived in Minnesota, and he had a job in Minnesota. At the time he was arrested for the revocation hearing, he claimed to have a train ticket to Chicago, Illinois. The record also reflects that he had only one family member living in Forrest County, from whom he was estranged, all factors ignored by the Majority in concluding that the trial judge abused his discretion for not articulating what he knew and considered in the sentencing order. Based upon the evidence “made and presented” in this record, a fair-minded jurist could conclude that the “conditions imposed by the sentencing judge[,]” including the banishment condition, were “reasonably related to” Mackey’s “intended rehabilitation.” Cobb, 437 So.2d at 1220.
II.
¶ 33. Alternatively, if one concluded, as have the Majority and Presiding Justice Graves, that the banishment condition of Mackey’s suspended sentence is unlawful[7] or illegal, the proper disposition of this case is controlled by the analysis in Presiding Justice Graves’s dissent.
¶ 34. Mackey claims, inter alia, that the offer of this “illegal” sentence was just *1170 too good to be passed on by any person. Under oath, he has petitioned this Court to set aside his plea of guilty, asserting it was involuntary and he should be allowed to withdraw it. No conviction can stand without a guilty plea or conviction by a jury. See Miss.Code Ann. § 99-19-3(1) (Rev.2007).
¶ 35. The Majority’s resolution fails to comport with due process. If the Court accepts the premise that, indeed, the sentence, its conditions, and/or the revocation of the sentence were illegal, and further accepts the premise that no person would turn them down, then Mackey should receive the relief he seeks and be allowed to withdraw his plea of guilty to a crime he claims he never committed. In short, this Court must examine this conundrum from the start. If the plea was invalid, it follows that imposing the remaining conditions of the sentence is likewise invalid.
¶ 36. Mackey asserts that his sentence is illegal, a point with which the Majority and Presiding Justice Graves agree. Yet the Majority fails to address Mackey’s assertions that he would not have pleaded guilty, but for being offered such an attractive illegal sentence. The Majority’s focus on the revocation order, versus his guilty plea and sentencing order, is placing the cart before the horse. If Mackey is granted the relief he seeks, as opined by Presiding Justice Graves, the appropriate remedy would be to grant Mackey’s plea, and allow him to withdraw his guilty plea, which was prompted by the offer of the illegal sentence. Then Mackey could elect to negotiate a new plea or demand his right to a jury trial. Mackey recognized this and cited McCreary as authority. All he has asked from this Court was to withdraw his plea of guilt and stand before a jury of his peers to prove his innocence, a right guaranteed to him by both the United States and Mississippi Constitutions.
III.
¶ 37. For all of the aforementioned reasons, I respectfully dissent to the Majority and join the separate opinion of Presiding Justice Graves in part.

. Contrary to the Majority's assertion, I find nowhere in Cobb or McCreary where "a trial judge’s reasons for ordering banishment ... must be articulated....” (Maj. Op. at 1123).

. Mackey had one charge of sale of controlled substances, along with a charge of receipt of stolen property, passed to the files.

. Eight judges of the Court of Appeals found it “lawful, yet lenient,” with two judges joining in result only. Mackey v. State, 37 So.3d 1193, 1195 (Miss.Ct.App.2009). The Majority fails to address the Court of Appeals’ attending analysis, i.e., "that a prisoner may not challenge the legality of a lenient suspended sentence only after he is unable to satisfy the conditions attached to that sentence.” Id.